539 A.2d 399

**COMMONWEALTH of Pennsylvania**

v.

**Manuel MARTINEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1987.

Filed March 16, 1988.

Manuel Martinez, in propria persona.

Thomas W. Minett, Assistant District Attorney, Ellwood City, for Com., appellee.

Before WIEAND, McEWEN and HOFFMAN, JJ.

WIEAND, Judge:

This is an appeal from an order dismissing a P.C.H.A. petition after hearing. Although appellant was represented by counsel during the P.C.H.A. hearing, his brief in this Court has been filed pro se. He contends that he is entitled to be re-sentenced or, in the alternative, that he should be allowed to withdraw his plea of guilty. We hold that he is entitled to be re-sentenced and remand for that purpose.

Manuel Martinez was charged with aggravated assault and attempted rape as a result of an incident occurring on May 26, 1985, in which Amanda Sager was struck repeated-

ly, and thrown down a forty-foot high embankment. On December 12, 1985, while represented by counsel, Martinez entered a negotiated plea of guilty to aggravated assault. As part of the plea agreement, Martinez withdrew a pending omnibus pre-trial motion in which he had asked the court to suppress an inculpatory statement made while he was in police custody. In exchange, the Commonwealth agreed to nol pros the charge of attempted rape and make no recommendation as to the sentence to be imposed for aggravated assault. Subsequent testimony disclosed that it had been Martinez's intent to seek the mercy of the court. On February 5, 1986, Martinez was sentenced to prison for the maximum term of not less than five years nor more than ten years.

Martinez did not thereafter seek to withdraw his plea of guilty. However, he did file a motion requesting the court to reconsider the sentence. Contained therein, inter alia, was an averment that the Commonwealth had breached the terms of its agreement to make no recommendation as to the sentence to be imposed. The motion to reconsider the sentence was denied on February 14, 1986, and Martinez filed a direct appeal from the judgment of sentence. When his counsel failed to file a brief, however, the appeal was dismissed by a per curiam order which recited that it was "without prejudice to Appellant's rights under the Post Conviction Hearing Act."

A P.C.H.A. petition was filed on September 19, 1986; counsel was appointed; and an evidentiary hearing was held on January 13, 1987. The petition was thereafter taken under advisement by the court and denied on June 25, 1987. This appeal followed. Martinez argues (1) that his plea of guilty was involuntary because it was induced by a confession which had been obtained unlawfully; (2) that guilty plea counsel was ineffective because he had promised Martinez that if he pleaded guilty he would be sentenced to prison for not less than three years nor more than six years; and (3) that the District Attorney had violated the agreement to make no recommendation as to sentence when he

told the court that persons interested in the case were requesting the court to impose the maximum sentence.

After a defendant has entered a plea of guilty the only cognizable issues in a P.C.H.A. proceeding are the validity of the plea of guilty and the legality of the sentence. *Commonwealth v. Casner,* 315 Pa.Super. 12, 16, 461 A.2d 324, 325 (1983). Pa.R.Crim.P. 321(a) requires that a motion challenging the validity of a guilty plea shall be filed within ten (10) days after imposition of sentence. In the absence of extraordinary circumstances, the failure to file a timely motion challenging the validity of the guilty plea will constitute a waiver of issues which might have been raised therein and will bar consideration of the validity of the plea in collateral proceedings. *Commonwealth v. Scott,* 318 Pa.Super. 526, 528, 465 A.2d 678, 679 (1983); *Commonwealth v. Knox,* 304 Pa.Super. 368, 372, 450 A.2d 725, 727 (1982); *Commonwealth v. McGarry,* 280 Pa.Super. 527, 529–530 n. 2, 421 A.2d 847, 848 n. 2 (1980). See also: *Commonwealth v. Miller,* 495 Pa. 177, 179, 433 A.2d 1, 2 (1981); *Commonwealth v. Harris,* 492 Pa. 381, 386 n. 2, 424 A.2d 1242, 1244 n. 2 (1981). In the instant case, appellant did not file a written motion challenging the validity of his guilty plea within ten (10) days after imposition of sentence. Moreover, he has not shown any extraordinary circumstances which would have prevented the failure to file a post-sentencing motion from having the effect of waiver.

Following the imposition of sentence, the trial court advised appellant of his rights to file a motion to modify the sentence and/or to challenge the validity of his guilty plea. The court told him that the right would be lost if he did not act within ten (10) days. With respect to a motion to challenge the guilty plea, the court said:

You also have the right to file the following motions which again must be filed within a period of ten days or that right will be lost to you, and that is a motion challenging the validity of your guilty plea; that is, your plea has to have been entered knowingly, intelligently and

voluntarily, and the Court must have had jurisdiction to accept your plea of guilty.

Appellant did not allege in his P.C.H.A. petition or attempt to prove at the hearing thereon that he had requested guilty plea counsel to challenge the validity of the guilty plea or that counsel was ineffective for having failed to do so. Under these circumstances, the failure to file a post-sentencing motion to challenge the validity of the guilty plea must be deemed a waiver of issues which might have been raised therein.[1]

■ It follows that the first issue attempted to be raised by appellant has been waived. Whether his guilty plea was induced by an unlawfully obtained confession was not an issue which had been asserted in a post-sentencing motion challenging the validity of his guilty plea. Moreover, appellant's contention that his guilty plea was involuntary because of an alleged, unlawfully obtained confession is wholly lacking in merit. In order to attack successfully a guilty plea on the ground that it was the product of an involuntary pre-trial confession, the appellant is required to demonstrate all of the following: "(1) an involuntary pre-trial confession ...; (2) that the guilty plea was primarily motivated by [the confession]; and (3) that [appellant] was incompetently advised by counsel to plead guilty, in the circumstances, rather than stand trial." *Commonwealth v. Miller*, 494 Pa. 229, 235, 431 A.2d 233, 236 (1981), quoting *Commonwealth v. Marsh*, 440 Pa. 590, 593, 271 A.2d 481,

1. In April, 1987, more than a year after the imposition of sentence and several months after the P.C.H.A. hearing, appellant mailed to the Clerk of Courts a copy of a "Motion for Change of Plea" which contained thereon a date of February 7, 1986. The "motion" was general and alleged no reasons therefor. Because it had not been filed or previously presented to the court and had not been referred to during the evidentiary hearing, the P.C.H.A. court did not consider it. Similarly, the record before this Court is inadequate to enable us to determine that it was a circumstance which prevented a waiver of the issues raised on appeal. This is particularly so in view of the fact that on February 7, 1986, appellant was represented by counsel who, on February 14, 1986, filed on appellant's behalf a motion to modify sentence. Appellant has not contended that guilty plea counsel was ineffective for failing to file a motion challenging the validity of the guilty plea.

483 (1970). In language which is equally applicable to the instant case, the *Miller* court said:

Conviction after a guilty plea is based not on evidence in the hands of the Commonwealth, including a pre-trial confession, but rather on a defendant's admission in open court that he committed the crime. The existence of an involuntary confession does not, in itself, prove that a defendant did not have the opportunity to make a reasonable choice, and thus it cannot, in itself, establish that the plea was not intelligently and knowingly entered. *Id.* Thus, it is critical to prove not only that one's confession was involuntary, but also that it "was the primary motivation for his plea of guilty." *Commonwealth v. Garrett,* 425 Pa. 594, 598, 229 A.2d 922, 925 (1967).

*Id.,* 494 Pa. at 235–236, 431 A.2d at 236. Here, even assuming arguendo that appellant's confession was illegally obtained, he did not attempt to prove at the P.C.H.A. hearing that his guilty plea was motivated by the alleged involuntary confession. On the contrary, his testimony depicted clearly a plea of guilty which had been motivated by what was then viewed as a favorable plea bargain. By that agreement, the charge of attempted rape was to be dropped and with respect to the charge of aggravated assault, to which appellant would plead guilty, he was to throw himself upon the mercy of the court without any recommendation by the Commonwealth. Under these circumstances, it is clear that appellant failed to prove a plea of guilty which was invalid because induced by an unlawfully obtained confession.

■ Appellant averred in his P.C.H.A. petition and attempted to prove at the hearing that guilty plea counsel had been ineffective and had induced appellant to enter a plea of guilty by promising him that he would receive a sentence of imprisonment of not less than three years nor more than six years. The P.C.H.A. petition was the first opportunity to raise the issue of counsel's alleged ineffectiveness after guilty plea counsel had been replaced by present counsel. This issue, therefore, was properly before the P.C.H.A.

court. See, e.g.: *Commonwealth v. Moore,* 365 Pa.Super. 65, 68, 528 A.2d 1364, 1366 (1987); *Commonwealth v. Broadwater,* 330 Pa.Super. 234, 240–241, 479 A.2d 526, 530 (1984).

Appellant's argument, however, was rejected because it was factually contradicted by guilty plea counsel, whose testimony the P.C.H.A. court found more credible. Therefore, the P.C.H.A. court found as fact that no such promise had been made. This finding is supported by competent evidence and is binding upon a reviewing court. Moreover, the P.C.H.A. court's finding was confirmed by the answers which appellant had given during the guilty plea colloquy and by his testimony during the P.C.H.A. hearing. He said there had been no agreement about the specific sentence to be imposed. Instead, he had intended to seek the mercy of the court. He was disappointed because his actual sentence was not what he had hoped it would be. Even if we were to accept his allegations that counsel also predicted a lighter sentence, appellant would not be entitled to relief. See: *Commonwealth v. Sanutti,* 454 Pa. 344, 312 A.2d 42 (1973). See also: *Commonwealth v. Cappelli,* 340 Pa.Super. 9, 22, 489 A.2d 813, 819 (1985).

■ This brings us to the last and most troublesome issue. Appellant contends that the prosecution violated its agreement to make no recommendation to the court regarding the sentence to be imposed for aggravated assault. Initially, this issue must be placed in its proper context. As we have already observed, appellant did not file a motion to challenge the validity of his guilty plea within ten (10) days after the imposition of sentence as required by Pa.R.Crim.P. 321(a). Further, he has not contended that counsel was ineffective for failing to file a post-sentencing motion challenging the validity of his guilty plea and has failed to assert any other extraordinary circumstance which would have excused his failure. As a challenge to the validity of his guilty plea, therefore, this issue has been waived.[2]

2. This fact distinguishes the instant case from a decision of a panel of this Court in *Commonwealth v. Williams,* 333 Pa.Super. 77, 481 A.2d

What appellant objected to, and what he continues to object to, is that the sentence imposed by the trial court was excessive and may have been influenced by the Commonwealth's breach of its agreement to make no recommendation as to sentencing. This is the issue which had been raised in appellant's motion to modify sentence. When the trial court denied the motion summarily, a direct appeal was filed. Although this appeal was subsequently dismissed, it was dismissed solely because of counsel's failure to file a timely brief. Moreover, the appeal was dismissed without prejudice to appellant's right to proceed via P.C.H.A. petition. This sentencing issue was thereafter pursued in the P.C.H.A. proceedings and decided adversely to appellant by the P.C.H.A. court. As it affected the sentencing of appellant, therefore, the alleged failure of the Commonwealth to comply with its agreement to make no recommendation as to the sentence to be imposed is a viable issue properly before this Court for review.

The Commonwealth, to repeat, had specifically agreed as part of the negotiated plea arrangement to make no recommendation to the court with respect to the sentence to be imposed. At the sentencing hearing, defense counsel made a plea for mercy on behalf of appellant in which he emphasized the positive factors in appellant's background, his remorse for the injuries which he had inflicted, and his cooperation with authorities in preventing an unrelated prison escape. The sentencing court then gave the representative of the Commonwealth an opportunity to respond. The assistant district attorney said:

Your Honor, just to state that the victim, Amanda Sager, is present in the courtroom today. Upon talking with her during the recess, she does not at this particular time wish to make a statement to the Court, but as was in the

1230 (1984). It was there held that the appropriate remedy for the prosecuting attorney's breach of an agreement to make no recommendation as to sentencing was to permit the defendant to withdraw his plea of guilty.

presentence[3] and also in talking with them,[4] they would request a maximum sentence be imposed because of the seriousness of the charge.

 Even where a promise has been made to make no recommendation as to sentencing, a district attorney is not required to stand mute at the sentencing hearing. He or she may offer evidence and, in the face of misinformation by the defense, may speak to make necessary factual corrections. See: *United States v. Block*, 660 F.2d 1086 (5th Cir.1981), *cert. denied, Block v. United States*, 456 U.S. 907, 102 S.Ct. 1753, 72 L.Ed.2d 164 (1982); *United States v. Johnson*, 582 F.2d 335 (5th Cir.1978), *cert. denied, Johnson v. United States*, 439 U.S. 1051, 99 S.Ct. 732, 58 L.Ed.2d 711 (1978).[5] However, where the Commonwealth has agreed to make no recommendation as to sentencing but, nevertheless, recommends "a period of incarceration", a breach of the plea agreement has occurred. *Commonwealth v. Williams*, 333 Pa.Super. 77, 481 A.2d 1230 (1984). Indeed, it has been held to be a breach of an agreement to make no recommendation as to sentencing for the prosecuting attorney to launch an assault on a defendant's character for the purpose of rebutting defense counsel's plea for leniency. Thus, in *United States v. Crusco*, 536 F.2d 21 (3rd Cir. 1976), the Court saw "the Government's characterization [of defendant as a major and dangerous member of organized

3. Our review of the pre-sentence report fails to disclose any request by the victim for imposition of the maximum sentence allowed.

4. Although it is unclear from this passage precisely to whom the assistant district attorney was referring it appears most likely that the reference was to the victim and a police officer.

5. The federal decisions seem to draw a distinction between a promise "to take no position" and a promise to "make no recommendation" as to sentencing. In the former situation, the prosecuting attorney is required to stand mute; whereas, in the latter, the prosecuting attorney may comment in rebuttal of defense arguments in mitigation of sentence. See: *United States v. Miller*, 565 F.2d 1273 (3rd Cir.1977), *cert. denied, Miller v. United States*, 436 U.S. 959, 98 S.Ct. 3076, 57 L.Ed.2d 1125 (1978). The distinction has been criticized as being artificial. *United States v. Miller, supra* at 1275–1276 (Stern, D.J., dissenting). We find it unnecessary in this appeal to determine the validity of such a distinction.

crime] as a transparent effort to influence the severity of [defendant's] sentence." *Id.* at 26.

In the instant case, the assistant district attorney clearly violated the plea agreement to make no recommendation as to sentencing when he told the sentencing court that "they" were asking the court to impose a maximum sentence. It was, no matter how phrased, a transparent attempt to influence the severity of the sentence by recommending incarceration for the maximum term allowed by law. The district attorney may be able to distinguish technically between a prosecution recommendation, on the one hand, and a recommendation by the victim of the crime and the arresting police officer, on the other; but the distinction is slight and not readily understood by the lay person who stands before the court for sentencing. Whether the recommendation for a maximum sentence technically originated with the victim, the arresting officer, or the district attorney, it was made to the court by the district attorney. As such, it carried with it the same force and the same authority as if the recommendation had originated with the representative of the Commonwealth. "Only a stubbornly literal mind would refuse to regard the [District Attorney's] commentary as communicating a position on sentencing." *United States v. Crusco, supra.*

The order dismissing appellant's P.C.H.A. petition is affirmed in part and reversed in part. The judgment of sentence is vacated, and the case is remanded for resentencing by another judge. Jurisdiction is not retained.