557 A.2d 1093

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robinson FRUEHAN, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1989.

Filed April 25, 1989.

Francis P. Sempa, District Attorney, Pittston, for Com., appellant.

John J. Brier, Scranton, for appellee.

Before WIEAND, MONTEMURO and HOFFMAN, JJ.

WIEAND, Judge:

The issue of first impression in this appeal is whether the Commonwealth should be allowed to appeal the discretionary aspects of a sentence after it agreed as part of a negotiated plea agreement to stand mute with respect to the sentence to be imposed by the trial court. After careful consideration, we conclude that to allow the Commonwealth's appeal would be to permit it to breach its plea agreement and deprive the defendant of the benefits thereof. Therefore, we disallow the Commonwealth's appeal.

Robinson Fruehan entered a plea of guilty to attempted rape pursuant to a plea bargain by the terms of which the Commonwealth agreed to stand mute with respect to the sentence to be imposed and to nol pros charges of burglary, criminal trespass, and aggravated and indecent assault arising out of the same incident. Fruehan was sentenced to make restitution, pay a fine of one thousand ($1000.00) dollars and remain on probation for a period of five (5) years. The Commonwealth, deeming the sentence excessively lenient, petitioned the court to reconsider its sentence. The sentencing court refused to consider the petition, and the Commonwealth appealed.

Several observations are in order. First, the sentence imposed by the trial court is within the limits authorized by the legislature and is not illegal. Secondly, the sentence does not involve a misapplication of sentencing guidelines, for there were no guidelines in effect at the time when the sentence was imposed. Thus, the only attack which the Commonwealth has leveled against the sentence is that it represented an abuse of the sentencing court's discretion.

Appellate review of sentences is governed by 42 Pa.C.S. § 9781. Allowance of an appeal from the discretionary aspects of sentencing may be granted at the discretion of the Superior Court where there appears to be a substantial question that an inappropriate sentence has been imposed. See: *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Pursuant to Pa.R.App.P. 2119(f), the Commonwealth's brief contains a statement requesting this Court to allow an appeal to review a sentence which the Commonwealth deems "unreasonably lenient" and inconsistent with the gravity of the offense, the need to protect the public, and the rehabilitative needs of the defendant-appellee.

The defendant-appellee appeared before the trial court for sentencing pursuant to a negotiated plea agreement. Pursuant to the terms of this agreement the victim of the attempted rape was to be allowed to speak to the court, but otherwise the Commonwealth was to stand mute. Plea bargains which are entered knowingly and voluntarily are viewed with favor in this Commonwealth. *Commonwealth v. Marsh*, 448 Pa. 292, 295, 293 A.2d 57, 60 (1972). If a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney. In this respect, the duty of the prosecutor has been explained by the Pennsylvania Supreme Court as follows:

> [T]here is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. *Santobello v. New York, supra* [404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)]; *Commonwealth v. Alvarado, supra* [442 Pa. 516, 276 A.2d 526 (1971)]; *Commonwealth v. Wilkins, supra* [442 Pa. 524, 277 A.2d 341 (1971)]. Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

*Commonwealth v. Zuber,* 466 Pa. 453, 458–459, 353 A.2d 441, 444 (1976).

█ The Superior Court has followed the Supreme Court's teaching and has held that where the Commonwealth agreed to make no recommendation as to sentencing, it was a breach of the plea agreement to recommend a period of incarceration. *Commonwealth v. Williams,* 333 Pa.Super. 77, 481 A.2d 1230 (1984). It has also been held to be a breach of such an agreement for the Commonwealth, at the sentencing hearing, to suggest that the victim and arresting officer are requesting a maximum sentence. *Commonwealth v. Martinez,* 372 Pa.Super. 202, 539 A.2d 399 (1988). On the other hand, a plea agreement by the Commonwealth to make no sentencing recommendation does not preclude it from correcting misinformation presented to the court by the defendant. See: *United States v. Block,* 660 F.2d 1086 (5th Cir.1981), *cert. denied, Block v. United States,* 456 U.S. 907, 102 S.Ct. 1753, 72 L.Ed.2d 164 (1982); *United States v. Johnson,* 582 F.2d 335 (5th Cir.1978), *cert. denied, Johnson v. United States,* 439 U.S. 1051, 99 S.Ct. 732, 58 L.Ed.2d 711 (1978); *Commonwealth v. Martinez, supra,* 372 Pa.Super. at 211, 539 A.2d at 404. Nor does it prevent the Commonwealth from resisting a post-sentencing request by a defendant to reduce the sentence imposed by the court. See: *Brooks v. United States,* 708 F.2d 1280 (7th Cir.1983); *United States v. Ligori,* 658 F.2d 130 (3rd Cir.1981); *United States v. Mooney,* 654 F.2d 482 (7th Cir.1981). Contra: *United States v. Ewing,* 480 F.2d 1141 (5th Cir.1973).

In *United States v. Carbone,* 739 F.2d 45 (2nd Cir.1984), where it was held that the government had violated a plea agreement to make no recommendation when it verbally opposed a split sentence under 18 U.S.C. § 3651, the Court said:

Although a defendant has no constitutional right to have an executory plea agreement specifically enforced, *Mabry v. Johnson,* [467] U.S. [504], 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), once a plea actually is entered, and

was induced by a prosecutor's promise to abstain from making a sentencing recommendation, that promise must be fulfilled. *See Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). In determining whether a particular plea agreement has been breached, we look to "what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir.1982) (per curiam), *cert. denied*, 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983), quoting *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979).

*Id.* at 46.

■ In the instant case, after making no recommendation at sentencing, the District Attorney moved post-sentencing to have the court modify its sentence by imposing a sentence of incarceration. Neither the parties nor our own research has disclosed an appellate court decision determining whether such a motion violates the Commonwealth's agreement to make no recommendation to the sentencing court. Nevertheless, we have no difficulty in determining that the Commonwealth's post-sentencing motion was contrary to "what the parties to [the] plea agreement reasonably understood to be the terms of the agreement." The Commonwealth had agreed to "stand mute" with respect to the sentence to be imposed; it could not consistently therewith move post-sentencing to have the court modify its sentence by changing a sentence of probation to a sentence of incarceration. That the request was made post-sentencing does not minimize the breach. A sentence is not final until the right of review has been exhausted or waived. *Commonwealth v. Anderson*, 304 Pa.Super. 476, 482, 450 A.2d 1011, 1014 (1982).

The Commonwealth cannot consistently with its agreement seek to effect a harsher sentence by using the back door of post-sentence review. To permit the Commonwealth in the instant case to importune the sentencing court post-sentencing to increase the sentence which it imposed would be to permit the Commonwealth to deprive the defen-

dant-appellee of his bargain. The trial court, understandably, declined to consider the Commonwealth's petition. If this Court were to allow the Commonwealth's appeal and thereafter conclude that the defendant-appellee should be resentenced, we, too, would thereby condone the Commonwealth's breach of its plea agreement and aid in depriving appellee of the benefits of his agreement. In that event, the Commonwealth would have been allowed to say, in effect, that only a sentence of imprisonment was satisfactory. We decline to permit this. The Commonwealth agreed to stand mute with respect to the discretionary aspects of the sentence to be imposed by the court, and the defendant-appellee is entitled to have the Commonwealth abide by its agreement. Therefore, we decline to allow the Commonwealth's appeal.

Appeal disallowed.