J-S39013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL J. PANNELL, | |
| Appellant | No. 975 EDA 2014 |

Appeal from the Judgment of Sentence November 15, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1104631-2005

BEFORE:  BOWES, OTT AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 11, 2015**

Michael J. Pannell appeals from the aggregate judgment of sentence of fifty to 100 years incarceration after the court below granted in part and denied in part his post-conviction relief petition filed pursuant to the Post-Conviction Relief Act ("PCRA").  For reasons outlined *infra*, and in light of the unusual procedural posture of this case, we vacate the order of the PCRA court denying resentencing before a new judge, vacate Appellant's subsequent judgment of sentence, and remand for resentencing before a different jurist.

Appellant entered an open guilty plea to involuntary deviate sexual intercourse ("IDSI"), aggravated assault, robbery, burglary, and attempted

rape on August 3, 2006. The facts underlying these crimes involved Appellant's unlawful entry into the residence of S.Z., robbing her, forcing her to remove her shorts and then straddling, groping and fondling her while his penis was exposed, before forcing her to perform oral sex. During the episode, Appellant was armed with a knife. The victim resisted, and in doing so grabbed the blade of Appellant's knife, causing the tendons in each of her fingers to be severed down to the bone in both hands.[1] During Appellant's plea hearing, the court placed on the record that the Commonwealth promised not to make a sentencing recommendation. However, the court also advised Appellant that, as a result of a prior conviction for a crime of violence, Appellant was subject to a mandatory minimum sentence for each crime. *See* 42 Pa.C.S. § 9714.

At sentencing, the prosecutor, despite the agreement not to make a sentencing recommendation stated, "Your Honor, the only just result, after today's proceeding, is that the defendant spend the rest of his life in jail." N.T., 11/10/06, at 18.[2] The court sentenced Appellant consecutively at each

_____

[1] Appellant's fingerprints were on both the inside and outside of the window that he had used to gain entry into the victim's home. Further, police discovered at his home shorts that were soaked in blood. DNA testing confirmed that the blood belonged to the victim.

[2] The prosecutor also later argued, "Prison is the only place he can comply with the rules. Prison is the only place where he can be trusted to do what is expected of him." N.T., 11/10/06, at 25. The Commonwealth also
*(Footnote Continued Next Page)*

count to ten to twenty years of imprisonment for an aggregate sentence of fifty to 100 years.

Appellant did not file a direct appeal, but timely filed a *pro se* PCRA petition seeking reinstatement of his appellate rights. The Commonwealth agreed that Appellant was entitled to relief, and the court reinstated Appellant's direct appeal rights *nunc pro tunc*. Thereafter, Appellant appealed, challenging the discretionary aspects of his sentence. This Court affirmed. ***Commonwealth v. Pannell***, 998 A.2d 1015 (Pa.Super. 2010). Appellant filed a timely PCRA petition. Therein, he alleged that he was entitled to withdraw his guilty plea because the Commonwealth agreed not to recommend a sentence during plea negotiations, but breached that promise during sentencing. He also argued that, if he were to be resentenced, it should occur before a different judge.

The PCRA court ruled that the Commonwealth had agreed not to recommend a sentence and violated that agreement. Nonetheless, the court concluded that Appellant was not entitled to withdraw his plea based on those facts, and instead found that he was entitled to resentencing.

*(Footnote Continued)* ────────────

presented a friend of the victim who unsurprisingly requested that Appellant be sentenced to the maximum possible sentence. ***Id***. at 33. The prosecutor concluded, "Your Honor, you have the discretion to impose anything between ten to 20 years and 50 to 100 years. We ask the Court to impose a sentence, if not the maximum sentence, then close to it, to ensure that the defendant never hurts another human being." ***Id***. at 39.

Accordingly, on September 27, 2013, the court vacated his judgment of sentence, ordered a new sentencing hearing, and denied all other PCRA relief. The docket reflects that an order was entered on that same date vacating the original judgment of sentence and scheduling a new sentencing hearing. However, that order is not contained in the record and there is no indication that Appellant was advised of his appellate rights relative to the denial of his PCRA claims.

Appellant failed to appeal from the September order denying PCRA relief in part. Subsequently, the court resentenced Appellant to the identical sentence on November 15, 2013, based on the applicable mandatories. Appellant filed a post-sentence motion. Therein, he argued that it was improper for the court to resentence him and alleged that in doing so, it precluded him from appealing the denial of his PCRA claims. The court denied that motion by operation of law on March 21, 2014. Appellant now appeals from the judgment of sentence.[3] Appellant's issues on appeal are:

> Did the PCRA court commit an abuse of discretion by denying Appellant the right to withdraw his guilty plea after ruling that the Commonwealth failed to comply with the plea agreement reached between the parties?

> Did the PCRA court err by denying Appellant's request that the matter be transferred to another judge for resentencing after ruling that Appellant was entitled to be resentenced?

---

[3] The court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but did file an opinion.

Appellant's brief at 3.

Preliminarily, the Commonwealth contends that Appellant is jurisdictionally barred from contesting the denial of PCRA relief where he is appealing from his new judgment of sentence. The Commonwealth maintains that any appeal from the denial of PCRA relief is untimely and that Appellant cannot challenge the PCRA rulings by appealing from his new judgment of sentence.

Under Pa.R.A.P. 903(a), a notice of appeal must filed within thirty days of a court's final order. Specifically, the rule reads in relevant part that, "the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Pa.R.Crim.P. 910 provides, "An order, granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Concomitantly, Pa.R.A.P. 341 defines a final order as one that "disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1).

Thus, the September 27, 2013 order denying Appellant merits-based relief but granting resentencing was a final order that disposed of all of Appellant's PCRA claims. The Commonwealth could have appealed the grant of resentencing as a final order, though in this matter it ultimately agreed with that resolution, and Appellant could have appealed the denial of merits-

based relief. *See Commonwealth v. Bryant*, 780 A.2d 646 (Pa. 2001). No remaining issues existed to be decided. Thus, an appeal would not have been dismissed as premature or interlocutory since each of Appellant's claims had been determined. Based on the plain language of the applicable rules, Appellant's appeal as to his PCRA claims is patently untimely.

We further find *Commonwealth v. Anderson*, 788 A.2d 1019 (Pa.Super. 2001), *Commonwealth v. Lesko*, 15 A.3d 345 (Pa. 2011), and *Bryant*, *supra*, instructive. In *Anderson*, we ruled that a defendant who is resentenced at a revocation proceeding has one year from the date of finality of his new judgment of sentence to challenge, via a PCRA, any issues relative to the new sentence. *Anderson*, *supra* at 1021 ("where a new sentence is imposed at a probation revocation hearing, the revocation hearing date must be employed when assessing finality under § 9545(b)(3) to any issues directly appealable from that hearing."). However, the defendant could not backdoor any challenges to his underlying conviction when challenging his new sentence via the PCRA.

Similarly, in *Lesko*, *supra*, the Pennsylvania Supreme Court ruled that a defendant could not seek merits PCRA review of claims relating to his original judgment of sentence of death after a federal court awarded limited *habeas* relief relative to sentencing. The *Lesko* Court ruled that the petitioner could only challenge what occurred at his new sentencing. *See Lesko*, *supra* at 366-367. While *Anderson* and *Lesko* involve issues

pertaining to the timeliness of a PCRA petition, and not a notice of appeal, they illustrate that petitioners cannot seek to enlarge the time frame for contesting their underlying conviction by relying on a new sentencing proceeding. Instantly, Appellant is attempting to enlarge the period for challenging his PCRA denial, which ultimately relates to his original guilty plea proceeding.

Even more apt, is our Supreme Court's decision in **Bryant**, **supra**. In **Bryant**, the PCRA court denied guilt phase relief in a capital matter, but awarded a new sentencing. The defendant initially appealed the denial of the guilt phase claims to the Superior Court, and the Commonwealth elected not to file a cross-appeal. However, the Commonwealth requested, and the PCRA court agreed, to stay the new sentencing proceeding pending resolution of the appeal.

Recognizing that an appeal from a PCRA matter where a death sentence has been imposed properly belongs with the Pennsylvania Supreme Court, Bryant moved to transfer the case. This Court erroneously denied that motion, and quashed the appeal as interlocutory. A unanimous Supreme Court reversed. In doing so, the High Court relied on Pa.R.A.P. 341(b), Pa.R.A.P. 903, and Pa.R.Crim.P. 1510, the latter of which is now Pa.R.Crim.P. 910. The Court declared that the order denying relief in part and granting sentencing relief was a final order as to both Bryant and the Commonwealth. It held that had Bryant not appealed from the denial of his

- 7 -

guilt phase claims within thirty days that "he would have waived future review of the decision of the PCRA court." **Bryant**, **supra** at 648.

Although **Bryant** involved a capital case, its discussion of the predecessor to Rule 910, Rule 1510, and Pa.R.A.P. 903, relative to a final order applies with equal force in the present setting. It is beyond cavil that the September order herein was final for purposes of appeal—the court disposed of all of his claims. **See also Commonwealth v. Scarborough**, 64 A.3d 602 (Pa. 2013) (discussing what constitutes a final order with respect to 42 Pa.C.S. § 9543.1 of the PCRA). Appellant is seeking to lengthen the notice of appeal period and challenge his underlying conviction via the denial of his merits based PCRA claims by appealing from the order entered after his new sentencing hearing. We have regularly precluded defendants from contesting their underlying conviction after a new sentencing via a new PCRA petition. Similarly, we agree with the Commonwealth that a defendant cannot ordinarily challenge the denial of PCRA relief from a new judgment of sentence order, but must timely appeal from the denial of PCRA relief.[4] Here, Appellant failed to file an appeal within thirty days of that order.

---

[4] We are cognizant that this issue is currently being considered by an *en banc* panel of this Court. **See Commonwealth v. Gaines**, 1497 MDA 2013 (argued June 30, 2015).

Nonetheless, the record does not contain the PCRA final order in question. While the court entered its order orally on the record relative to denying Appellant's request to withdraw his guilty plea and directing resentencing, it did not advise Appellant of his appellate rights. Moreover, the order that is docketed does not appear in the record and there is no indication in the record that counsel was ever advised that he had to appeal within thirty days of the denial.[5]

We add that, although there was no evidentiary hearing, the PCRA court entered its order after a hearing in which oral argument was presented. This implicates both Pa.R.Crim.P. 907 and Pa.R.Crim.P. 908. Under Rule 907, when a petition is dismissed without a hearing, a judge "shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed." Similarly, pursuant to Rule 908, if, after a hearing, a judge disposes of a case "when the defendant is not present in open court, the judge, by certified mail, return receipt

---

[5] In his post-sentence motion after resentencing, counsel averred, "By denying defendant relief on his claim that he should be permitted to withdraw his guilty plea and proceeding to sentencing over defendant's objection, the court has precluded defendant from raising on appeal an issue alleging that the court erred by denying his PCRA claim that he was entitled to withdraw his guilty plea or, at a minimum, proceed to sentencing before another judge." Appellant's Post-Sentence Motion, 11/20/13, at 3 ¶ 9. Of course, this is technically inaccurate since Appellant should have appealed from the order denying that relief.

requested, shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed."

Thus, unless the defendant is present at the time of the entry of the order, the court must inform the petitioner of his appellate rights. Here, Appellant was not present at the argument hearing held on September 27, 2013, although counsel appeared. The failure of the court to advise Appellant of his appellate rights can constitute a breakdown in the judicial system. *Commonwealth v. Liebensperger*, 904 A.2d 40, 44 (Pa.Super. 2006) (declining to quash appeal as untimely where court failed to advise defendant of appellate rights in a PCRA matter in either its Rule 907 notice or final order). Therefore, we decline to quash the instant appeal and will treat this appeal as arising from the denial of PCRA relief, and reach the merits of Appellant's claims.

Appellant initially argues that the PCRA court erred in ruling that he was not permitted to withdraw his guilty plea based on the Commonwealth's breach of its agreement not to recommend a sentence. He maintains that he only agreed to enter an open guilty plea "because the prosecutor promised him that he would not recommend any sentence to the trial court[.]" Appellant's brief at 9. Appellant points out that throughout the original sentencing, the prosecutor urged the court to impose a sentence that would result in Appellant spending the rest of his life in jail.

- 10 -

In addition, Appellant highlights that the PCRA court did find that the prosecutor breached the plea agreement. He submits that the PCRA court's resentencing remedy, however, was improper. In support, Appellant relies extensively on *Commonwealth v. Melvin Williams*, 481 A.2d 1230 (Pa.Super. 1984). In *Melvin Williams*, a defendant entered a negotiated guilty plea to aggravated assault and conspiracy. The Commonwealth agreed to *nolle prosse* charges of attempted murder, carrying an unlicensed firearm, possession of an instrument of crime, recklessly endangering another person, terroristic threats, and simple assault. The prosecutor therein also agreed not to recommend a sentence. At sentencing, however, the prosecutor asked the court to impose a sentence of incarceration. This Court ruled that the prosecutor violated the terms of the plea bargain. The panel then turned to the appropriate remedy.

The *Melvin Williams* Court acknowledged that "it could be argued that [Williams] is entitled to receive no more than the benefit of his bargain and that was to receive a sentence with no recommendation from the Commonwealth." *Id*. at 1234. Nonetheless, we rejected that remedy and ordered that he be permitted to withdraw his plea and granted a trial.

The Commonwealth does not present any merits-based argument relative to Appellant's position, relying solely on its jurisdictional position. Nevertheless, during the proceedings below it argued that *Melvin Williams*

did not control and posited that **Commonwealth v. Martinez**, 539 A.2d 399 (Pa.Super. 1988), justified resentencing.

**Martinez** involved a Post-Conviction Hearing Act ("PCHA") appeal. The PCHA was the predecessor statute to the PCRA. The defendant was charged with aggravated assault and attempted rape. He agreed to plead guilty to the aggravated assault charge. In exchange, the Commonwealth agreed to *nolle prosse* the attempted rape count and provided that it would not make any recommendation at sentencing. The prosecutor indicated at sentencing that the victim did not wish to make a statement but requested the maximum sentence allowable by law to be imposed. The court sentenced the defendant to the maximum sentence.

Martinez did not seek to withdraw his plea, but filed a motion contesting his sentence. Within that motion, Martinez averred that the Commonwealth had breached its plea agreement. The motion was denied and Martinez's direct appeal was dismissed after counsel failed to file a brief. Thereafter, Martinez filed a PCHA petition. The court appointed counsel, conducted an evidentiary hearing, and denied the petition.

On appeal, this Court reversed in part. Specifically, we ruled that Martinez was entitled to be resentenced. In directing Martinez to be resentenced rather than ordering the withdrawal of his guilty plea, the panel found it significant that Martinez, unlike Appellant herein, did not allege that counsel was ineffective in failing to file a post-sentence motion arguing that

his plea was invalid. Instead, Martinez argued that his sentence was excessive and was unduly influenced by the prosecutor's statement. Accordingly, the panel did not afford relief in the nature of granting the withdrawal of the plea.

It is evident that **Martinez** does not control. In the present case, Appellant did allege that counsel was ineffective in neglecting to move to withdraw his plea after the prosecution recommended that he be sentenced to a term of imprisonment for the remainder of his life. The PCRA court, nonetheless, found **Melvin Williams**, **supra** distinguishable because in that matter the prosecutor's promise induced the defendant to enter the plea. In the instant case, although the court afforded sentencing relief, it found that Appellant's decision to enter his plea did not occur as a result of the prosecution's promise not to recommend a sentence. Thus, it ruled that Appellant's plea itself was valid, despite the prosecutor's breach of the agreement.

We begin by noting that Appellant did not raise a claim regarding the withdrawal of his plea during his sentencing or in a post-sentence motion. Accordingly, his underlying claim is waived and can only be preserved through the vehicle of an ineffectiveness claim. **Commonwealth v. Rachak**, 62 A.3d 389 (Pa.Super. 2012); **Commonwealth v. Anthony**

*Williams*, 660 A.2d 614, 617 (Pa.Super. 1995); *Commonwealth v. Shekerko*, 639 A.2d 810 , 814 (Pa.Super. 1994).[6] Although Appellant leveled such an issue below, his brief on appeal does not set forth the three-pronged ineffectiveness test relative to prior counsel. Nevertheless, despite Appellant's failure to expressly outline the ineffectiveness test, his brief contains a discussion of numerous post-conviction cases that are specific to ineffective assistance of counsel and guilty plea withdrawal issues. *See* Appellant's brief at 18-19 (citing *Commonwealth v. Zuber*, 353 A.2d 441 (Pa. 1976); *Commonwealth v. Kroh*, 654 A.2d 1168 (Pa.Super. 1995); *Shekerko*, *supra*; *Anthony Williams*, *supra*); *Id*. at 16 (citing *Commonwealth v. Anderson*, 995 A.2d 1184 (Pa.Super. 2010), and *Martinez*, *supra*). Thus, this is not a case where the appellant has failed to adequately present argument.

Our Supreme Court has opined that,

---

[6] The PCRA statute contains a section specifically governing guilty plea withdrawals. That provision reads that a person is entitled to relief if the conviction or sentence resulted from, "A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii); *see also Commonwealth v. Lynch*, 820 A.2d 728 (Pa.Super. 2003) (distinguishing between guilty plea withdrawal subsection and ineffectiveness claim relative to withdrawing a guilty plea). The original guilty plea withdrawal subsection passed in 1988 did not have an innocence averment requirement. The guilty plea subsection was amended in 1995 to include an innocence standard. Appellant at no point has maintained his innocence.

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, *see generally Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999), under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.

*Commonwealth v. Flanagan*, 854 A.2d 489, 502 (Pa. 2004). Hence, generally, prejudice in the guilty plea context requires a showing that the defendant would not have pled guilty. However, in circumstances where the allegation relates to the prosecution's failure to abide by an agreement not to recommend a sentence, the resulting prejudice has not always focused on whether the petitioner would not have pled guilty. *See Zuber*, *supra* (concluding that plea was not voluntarily and knowingly entered but affording relief in the nature of modifying the sentence and not withdrawing the plea).

In *Kroh*, *supra*, this Court, quoting *Zuber*, opined that, "there is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea." *Kroh*, *supra* at 1172 (quoting *Zuber*, *supra* at 444)). The Commonwealth in *Kroh* was requesting that the defendant testify after sentencing in a forfeiture proceeding against another person. Kroh alleged that this violated the terms of his plea bargain, which required cooperation as to criminal prosecutions for three individuals, including the person involved in the forfeiture case. Kroh filed a

petition entitled as a petition for specific performance of his plea agreement. Treating the matter as a PCRA petition, this Court noted that, whenever a plea bargain is violated, a defendant is entitled to the benefit of his bargain. The **Kroh** Court determined that the Commonwealth did violate its plea bargain. It then opined, "We must decide which remedy is best suited for appellant: either to permit him to withdraw his guilty plea or to order specific performance of the plea agreement by the Commonwealth." **Id**. at 1174. Since **Kroh** specifically sought specific enforcement and was not attempting to withdraw his plea, this Court held that he was entitled to the benefit of his bargain and directed the Commonwealth to refrain from requiring his testimony in the civil proceeding.

The **Kroh** decision relied extensively on **Zuber**, **supra**. In **Zuber**, the Pennsylvania Supreme Court addressed a petition filed under the PCHA. There, the petitioner claimed that he was induced to plead guilty based on a promise by the Commonwealth that it would not request that he serve a parole violation sentence consecutive to his new sentence in the underlying case. However, by law, the petitioner was required to serve the time consecutively. Thus, the promise was meaningless. The **Zuber** Court held that the plea was not validly entered. Nonetheless, it concluded that, since Zuber only asked for a modification of his sentence, withdrawal of the plea was unnecessary. Accordingly, it modified his judgment of sentence. The

dissenting justices actually reasoned that Zuber was entitled only to withdraw his plea.

The **Zuber** Court relied on **Commonwealth v. Alvarado**, 276 A.2d 526 (Pa. 1971). Alvarado involved a capital direct appeal and an allegation of ineffective assistance of counsel. Specifically, the defendant asserted that the Commonwealth induced a guilty plea to first-degree murder with a promise that it would not seek the death penalty. The **Alvarado** Court determined that the prosecutor violated his promise. It then turned to the appropriate remedy.

The Court first acknowledged, "The majority of jurisdictions that have faced this issue permit the withdrawal of a guilty plea when the prosecutor violates a plea bargain." **Alvarado**, **supra** at 529. Continuing, the High Court recognized "a minority rule which does not permit the withdrawal of the plea but instead gives the defendant the benefit of the bargain by modifying his sentence in accordance with the prosecutor's promise." **Id**. at 529-530. Lastly, it set forth that courts had "given a defendant the option of either withdrawing his plea or accepting a modification of his sentence in accordance with the plea bargain." **Id**. at 530. Ultimately, the **Alvarado** Court declined to adopt a bright-line rule and held, "that in the particular circumstances of this case the appropriate disposition is to modify Alvarado's sentence to life imprisonment rather than to allow withdrawal of his guilty plea." **Id**.

The Court reasoned that because "the Commonwealth did not breach any promise until [a]fter Alvarado had been found guilty of murder in the first degree, a life sentence rather than death was the [m]ost benefit he could have derived from fulfillment of the prosecutor's promise." *Id*. It concluded that "[n]o consideration of fairness or sound judicial administration dictates that he now be given an opportunity to withdraw his plea, stand trial, and possibly escape criminal liability altogether." *Id*.

More recently, in *Anthony Williams*, *supra*, this Court declined to authorize a guilty plea withdrawal based on a claim that the prosecutor did not abide by the terms of the plea agreement because the record did not support the factual claim. However, the panel set forth, "Certainly, if the prosecutor failed to adhere to the terms of the plea agreement, this would provide grounds for PCRA relief as it would be a miscarriage of justice for a person to relinquish cherished constitutional rights based on a promise that was not kept." *Id.* at 619. The Court then, in a parenthetical, posited, "If a prosecutor fails to abide by the terms of a plea agreement, defendant must be allowed to withdraw his plea." *Id*. Hence, Pennsylvania courts have differed in the remedy that attaches to a guilty plea withdrawal claim based on the prosecution's failure to abide by an agreement not to recommend a sentence.

In the present case, the Commonwealth did not appeal from the decision to resentence nor, in light of its argument here and the unusual

procedural posture of this matter, has it sought a cross-appeal challenging the award of sentencing relief. Indeed, the Commonwealth requested and acquiesced in the resentencing. Therefore, we are not faced with examining whether plea counsel had no reasonable basis for not raising the Commonwealth's breach of its agreement. Instead, we are asked to decide if the remedy the PCRA court fashioned was appropriate. As noted, the remedy has varied.

In cases where the defendant does not seek to withdraw his plea and proceed to trial, but asks for the benefit of his bargain, both this Court and our Supreme Court have determined resentencing or a modification of the defendant's sentence is appropriate. *See Zuber*, *supra*; *Kroh*, *supra*; *Martinez*, *supra*. Additionally, in a capital case, our Supreme Court has denied a defendant the opportunity to withdraw his plea but directed that he be resentenced to life imprisonment where the prosecutor reneged on his promise not to recommend a sentence. *Alvarado*, *supra*. In contrast, this Court, in a direct appeal matter, held that a defendant was entitled to withdraw his plea where the prosecutor recommended a sentence in violation of the negotiated guilty plea. *Melvin Williams*, *supra*. Similarly, in *Anthony Williams*, *supra*, we opined that the failure of a prosecutor to adhere to his promise is grounds to allow such a withdrawal.

In *Melvin Williams*, this Court opined that the benefit of the bargain principle could apply to "those situations where the Commonwealth promises

to ask for a specific sentence and then in violation of that promise asks for a more severe sentence which is in fact given." **Melvin Williams**, **supra** at 1234. While the Commonwealth in this case did not promise to seek a specific sentence and then asked for a more severe sentence, the sentencing court was required to sentence the defendant to a mandatory minimum sentence. The only discretion the sentencing court enjoyed was whether to impose the mandatory sentence concurrently or consecutively. Hence, unlike **Melvin Williams**, the "implementation of the 'benefit of the bargain' principle can be done with certainty and fairness." **Id**. This case is more akin to **Alvarado** where the only sentencing options were life imprisonment or the death penalty. Hence, we do not find that the PCRA court erred in choosing to order resentencing rather than permit Appellant to withdraw his plea.

Nonetheless, we are aware that in **Melvin Williams**, **supra**, this Court noted in *dicta* that if the defendant therein was entitled to "no more than the benefit of his bargain" that "[w]e could do that by remanding for sentencing before a different judge[.]" **Id**. at 1234. Further, in **Martinez**, **supra**, this Court directed that the resentencing therein take place before a different jurist. Appellant in his second issue argues that the PCRA court erred in denying his request to be resentenced by another judge. In light of **Martinez** and **Melvin Williams**, we agree. **Compare also United States v. Hayes**, 946 F.2d 230 (3d. Cir. 1991); **Santobello v. New York**, 404

U.S. 257, 263 (1971).[7]  Accordingly, we vacate the PCRA court's denial of resentencing before a different judge and vacate Appellant's judgment of sentence.  We direct that Appellant be resentenced before a different judge without any recommendation from the Commonwealth.

PCRA order vacated in part.  Judgment of sentence vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2015

---

[7]  In **Santobello v. New York**, 404 U.S. 257 (1971), the United States Supreme Court remanded a matter where it determined that the prosecutor violated the terms of the plea agreement by recommending a sentence.  In doing so, it directed that if the lower court determined the defendant should be resentenced rather than allowed to withdraw his plea, such resentencing must occur before a different judge.  Hence, this is not akin to those cases involving sentencing challenges where the Pennsylvania Supreme Court has directed this Court to refrain from directing proceedings to occur in front of a new judge.  **Compare Commonwealth v. Whitmore**, 912 A.2d 827 (Pa. 2006).