J-A22034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE ALLEN JOHNSON III | : | |
| | : | |
| Appellant | : | No. 1282 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 30, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007141-2019

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY COLINS, J.:     **FILED: JANUARY 11, 2023**

I respectfully dissent because I believe that my esteemed colleagues in the majority are overstating the terms of the plea agreement in this case in order to conclude that there was a contractual breach.  As an aside, the precise circumstances of this case lead me to the additional conclusion that a grant of relief would most likely result in protracted litigation to arrive at the same procedural posture.

While guilty pleas occur in criminal cases, "a plea agreement is quasi-contractual in nature and must be analyzed under the terms of contract law." **Commonwealth v. Lutz**, 788 A.2d 993, 1000 (Pa. Super. 2001).  Defendants are generally entitled to the benefit of assurances made by a prosecutor as a matter of due process and as compelled by the principle of fundamental

_____

[*] Retired Senior Judge assigned to the Superior Court.

fairness. ***Commonwealth v. Cosby***, 252 A.3d 1092, 1131-32 (Pa. 2021). "[W]hen a plea rests in any significant degree on a promise or agreement by the prosecutor, so that it can be said to be part of the *inducement or consideration*, such promise must be fulfilled." ***Id.*** at 1132, ***quoting Santabello v. New York***, 404 U.S. 257, 262 (1971). Once a bargained term is enveloped in a plea agreement, a defendant "is entitled to the benefit of his bargain through specific performance of the plea agreement." ***See, e.g., Commonwealth v. Martinez***, 147 A.3d 517, 533 (Pa. 2016) (holding that offenders were entitled to specific performance of the terms of their plea bargains which limited or eliminated the defendants' obligations under the then-applicable sexual offender registration statute where a newly-enacted sexual offender registration statute conflicted with the terms of the plea agreements).

Moreover,

[D]isputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity.

***Commonwealth v. Kerns***, 220 A.3d 607, 612 (Pa. Super. 2019) (citation omitted).

The plea agreement in this case was addressed in the following exchange in the notes of testimony from the plea hearing:

> THE COURT:  And I'm assuming then that there is no deal that was reached?
>
> [PROSECUTOR]:  No, Your Honor.  This is a general plea.
>
> [DEFENSE COUNSEL]:  With that said, Your Honor, I would put on the record that it's my understanding that **there would be no objection for commentary at the time of sentencing to what the Defense requests.**  That was my understanding of our general plea.
>
> THE COURT:  Well we're not doing sentencing today anyway because you want the [pre-sentence investigation report].
>
> [DEFENSE COUNSEL]:  Certainly, Your Honor.  What I mean is, even though there's no formal agreement about charges that we're pleading to or term of sentence or anything of that nature, I would just put on the record that [the prosecutor] indicated **she would not object at the time of sentencing to a sentencing request that we make at the time of the hearing.**
>
> THE COURT:  Okay.  I mean, that's fine.  She cannot object.  That doesn't need to go with either one of yours just so you guys all know.

N.T. 4/13/21, 5-6 (emphasis added).

The key phrases encapsulating the plea agreement for purposes of our review are "no objection for commentary at the time of sentencing to what the [d]efense requests" and "would not object at the time of sentencing to a sentencing request that [the defense would] make at the time of the hearing." The word "commentary" in these contexts refers to arguments that Appellant would make in support of his sentencing recommendation.  The party that

would be refraining from raising an objection would be the Commonwealth. Accordingly, "commentary" could not be referring to arguments or recommendations made by the Commonwealth because the Commonwealth would logically not be objecting to itself. I thus interpret the remarks as reflecting only an agreement whereby the Commonwealth would not object to Appellant making a sentencing recommendation.

If the parties wanted to make the Commonwealth remain silent at sentencing a term of the plea agreement, they could have. **See, e.g., Commonwealth v. Anderson**, 995 A.2d 1184, 1192-95 (Pa. Super. 2010) (denying an ineffective assistance claim where a record did not establish that the Commonwealths' complete silence at sentencing was a term of a plea agreement or integral to Anderson's decision to plead guilty; at no time did plea counsel or Anderson ask the Commonwealth to agree to stand silent altogether at sentencing or ask the court to require it to do so). The remarks at the plea hearing did not reflect that that was an agreed-upon term of the bargain mentioned by Appellant's counsel. They simply made clear that the Commonwealth would not prevent Appellant from making a sentencing recommendation via an objection.

In evaluating the terms of the plea agreement in this case, the majority changes the wording of it. The majority restates the provision about "no objection **for** commentary at the time of sentencing to what the [d]efense requests" as "no objection **[or]** commentary at the time of sentencing to what the [d]efense requests." **Compare** Majority Opinion at 2 with N.T. 4/13/21,

5 (emphasis added to each). In doing so, the majority changes the meaning of the plea agreement. Their finding of breach is thus based on a contortion of the record rather than the terms of the plea agreement as they were stated at the time of the plea hearing. This Court at times may be asked to ascribe meaning to ambiguous terms, but our role is not to change unambiguous terms.

If the notes of testimony – and the certified record does not reflect that Appellant ever objected to their accuracy – had included "or" in place of "for" in the operative phrase, I would have joined the majority. While "no objection for commentary" leaves only the interpretation that the Commonwealth would refrain from making an objection to prevent the defense from offering commentary at the time of sentencing, the use of "or" instead of "for" would suggest that the Commonwealth agreed to both refrain from objecting to Appellant's sentencing recommendation and offering any commentary of its own. The majority's alteration of the record seemingly invented an after-the-fact term that the Commonwealth would remain silent at sentencing. The Commonwealth did not breach the plea agreement because defense counsel never alleged that the Commonwealth would remain silent at sentencing.

The plea court based its ruling on the breach claim on the agreement that appeared of record. Plea Court Opinion, 2/9/22, 5-6 (quoting the notes of testimony for the plea agreement referring to "no objection for commentary"). For unapparent reasons, the majority has accepted Appellant's revision of the notes of testimony and based its ruling on the

altered version. Appellant's Brief at 8 (rephrasing the agreement as "no objection [or] commentary").

A defendant is entitled to the benefit of the bargain he strikes when he makes a plea agreement, and the terms of the agreement are binding on the prosecution. At the same time, this Court may not include additional terms to an agreement to expand its scope after the fact. An objective review of the stated terms sets the bounds. *See, e.g., Commonwealth v. Martinez*, 539 A.2d 399, 404 (Pa. Super. 1988) ("Even where a promise has been made to make no recommendation as to sentencing, a district attorney is not required to stand mute at the sentencing hearing. He or she may offer evidence and, in the face of misinformation by the defense, may speak to make necessary factual corrections"). I am thus compelled to dissent. *See Commonwealth v. Freuhan*, 557 A.2d 1093, 1094 (Pa. Super. 1989) ("In determining whether a particular plea agreement has been breached, we look to 'what the parties to this plea agreement reasonably understood to be the terms of the agreement.'") (citation omitted).

While the merits of Appellant's breach claim hinges entirely on our interpretation of the plea agreement, it would be very remiss of me not to point out that the majority's grant of relief sets up an odd procedural path forward in this case. The majority remands for resentencing without any additional instructions. The resentencing would necessarily need to be conducted by a new jurist because there is no way to "unring the bells" with respect to the sentencing recommendation that the presently-assigned lower

court judge already heard from the Commonwealth. *See Martinez*, 539 A.2d at 403-04 & n.2 (remanding for resentencing by another judge where a prosecutor breached an agreement to make no recommendation as to sentencing and the defendant did not raise a challenge to the validity of his guilty plea), *distinguishing Commonwealth v. Williams*, 481 A.2d 1230, 1234 (Pa. Super. 1984) (holding that the appropriate remedy for the prosecuting attorney's breach of an agreement to make no recommendation as to sentencing was to permit the defendant to withdraw his guilty plea).

Here, Appellant only received one imprisonment term and that term was at the bottom of the mitigated range recommended by the Sentencing Guidelines. Appellant is pursuing his instant breach claim to obviously seek a more beneficial outcome in sentencing. A new jurist, however, would not be cabined in by the present sentence and could very well impose a higher term of imprisonment. If a new jurist were to impose a higher sentence, Appellant could make a compelling case that his present counsel was ineffective for litigating the instant breach claim because it permitted a higher sentencing exposure than the currently imposed term. A grant of relief on that type of claim would require us to remand for resentencing consistent with the term that the majority is now vacating. The only outcomes that would not spur additional litigation would be the imposition of a term matching the existing sentence or a term of imprisonment reflecting a departure below the Sentencing Guideline's mitigated range, a result that the plea court's opinion

suggests is extremely unlikely given that Appellant pleaded guilty to thirteen separate offenses. ***See*** Plea Court Opinion, 2/9/22, 14-18.

The issues of judicial economy posed by the grant of relief here are not relevant to the disposition of Appellant's breach claim, however, they appear to be appropriate to mention when the basis for relief is premised upon an improper revision of the notes of testimony from Appellant's guilty plea hearing that the majority adopts from Appellant's brief. The majority is not allowing the plea agreement reflected in the notes of testimony to control and the potential results are a high probability of protracted litigation leading to the reimposition of the current sentence, a reasonable likelihood of the reimposition of the same sentence, and an unlikely potential for a new and more beneficial outcome for Appellant.