IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew F. Malone,                          :
                Petitioner             :
                               :
              v.                          :   No. 577 M.D. 2015
                               :   Submitted:  January 20, 2017
The Pennsylvania State Police of the       :
Commonwealth of Pennsylvania,              :
                Respondent             :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: April 28, 2017

        Before this Court are the preliminary objections of the Pennsylvania State Police in the nature of a demurrer to Andrew F. Malone's petition for review seeking a declaratory judgment that he is exempt from the lifetime registration requirement in the Sexual Offender Registration and Notification Act (SORNA).[1] The petition also seeks a writ of mandamus to have Malone's name removed from the State Police sex offender website.  The petition asserts that the lifetime registration demanded by the State Police violates the terms of his plea agreement, as well as due process, and the *ex post facto* clauses of the United States and Pennsylvania Constitutions.  For the reasons set forth below, we sustain, in part, the State Police's preliminary objections.

---

[1] 42 Pa. C.S. §§9799.10 – 9799.41.  The case law refers to the Sexual Offender Registration and Notification Act as "SORNA" or "Megan's Law IV."  *See, e.g., Coppolino v. Noonan*, 102 A.3d 1254, 1258 (Pa. Cmwlth. 2014), *affirmed*, 125 A.3d 1196 (Pa. 2015).  We refer to the act as "SORNA."

## Background

Malone's petition alleges that, on January 5, 2004, he pled guilty to the offense of criminal attempt to commit involuntary deviate sexual intercourse. Petition for Review, ¶3. He was sentenced to 12 to 24 months, to be followed by five years of probation. The petition alleges that when Malone entered his guilty plea, he was informed that he would be required to register as a sexual offender for 10 years. *Id.*, ¶4. Malone registered as a sexual offender on June 14, 2004, and yearly thereafter for ten years. *Id.*, ¶6. The petition asserts that Malone's registration requirement should have expired on June 14, 2014. *Id.*

On December 3, 2012, the State Police notified Malone that as a Tier 3 offender, he was required by SORNA to register as a sex offender for his entire lifetime. Petition for Review, ¶7. In addition, he would be subject to quarterly registration and internet notification. *Id.* Malone's petition asserts that these additional registration and notification requirements infringe upon his right not to lose his reputation without due process of law and violate the terms of his plea agreement.

The State Police filed a demurrer, asserting that Malone's pleading did not state a claim under the *ex post facto* clauses of the United States or Pennsylvania Constitutions or under the due process clause of the United States or Pennsylvania Constitutions. The State Police also demurred to Malone's contract claim because it was not a party to the plea agreement between Malone and the Commonwealth.[2]

---

[2] On preliminary objections, this Court's review is limited to the pleadings. *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation and Natural Resources*, 909

**(Footnote continued on the next page . . . )**

## *Ex Post Facto* Claims

We begin with the State Police demurrer that SORNA's registration and on-line notification provisions do not violate the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Relying on this Court's decision in *Taylor v. Pennsylvania State Police*, 132 A.3d 590 (Pa. Cmwlth. 2016), Malone responds that the viability of the notification provisions has not yet been decided and, thus, the demurrer should be overruled.

*Ex post facto* laws are prohibited by the United States and Pennsylvania Constitutions. As our Supreme Court explained:

> the *ex post facto* clauses of the United States and Pennsylvania Constitutions are virtually identical in language, and the standards applied to determine *ex post facto* violations under both constitutions are comparable.

*Commonwealth v. Allshouse*, 36 A.3d 163, 184 (Pa. 2012). A law violates the *ex post facto* clause if it "changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed." *Id.*

---

**(continued . . . )**

A.2d 413, 415 (Pa. Cmwlth. 2006), *affirmed*, 924 A.2d 1203 (Pa. 2007). When reviewing preliminary objections,

> [this Court is] required to accept as true the well-pled averments set forth in the ... complaint, and all inferences reasonably deducible therefrom. Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.

*Id.* at 415-16 (citations omitted).

3

In *Coppolino*, 102 A.3d 1254, we concluded that the majority of SORNA's registration requirements are not punitive and, thus, do not implicate *ex post facto* principles. However, we found the reporting requirement in Section 9799.15(g) of SORNA to be punitive.[3] Accordingly, we held that Section

---

[3] Section 9799.15(g) states:

(g) In-person appearance to update information.**--**In addition to the periodic in-person appearance required in subsections (e), (f) and (h), an individual specified in section 9799.13 shall appear in person at an approved registration site within three business days to provide current information relating to:

(1) A change in name, including an alias.

(2) A commencement of residence, change in residence, termination of residence or failure to maintain a residence, thus making the individual a transient.

(3) Commencement of employment, a change in the location or entity in which the individual is employed or a termination of employment.

(4) Initial enrollment as a student, a change in enrollment as a student or termination as a student.

(5) An addition and a change in telephone number, including a cell phone number, or a termination of telephone number, including a cell phone number.

(6) An addition, a change in and termination of a motor vehicle owned or operated, including watercraft or aircraft. In order to fulfill the requirements of this paragraph, the individual must provide any license plate numbers and registration numbers and other identifiers and an addition to or change in the address of the place the vehicle is stored.

(7) A commencement of temporary lodging, a change in temporary lodging or a termination of temporary lodging. In order to fulfill the requirements of this paragraph, the individual must provide the specific length of time and the dates during which the individual will be temporarily lodged.

(8) An addition, change in or termination of e-mail address, instant message address or any other designations used in Internet communications or postings.

**(Footnote continued on the next page . . . )**

4

9799.15(g) could not be imposed on a sex offender convicted under a prior version of Megan's Law. *Coppolino*, 102 A.3d at 1278; *see also Taylor*, 132 A.3d at 601 (holding Section 9799.15(g) of SORNA to be punitive). *Coppolino* and *Taylor* held that, save for Section 9799.15(g), the registration provisions of SORNA do not violate the *ex post facto* clauses of the United States or Pennsylvania Constitutions. Accordingly, we sustain the State Police's preliminary objection to the *ex post facto* claim, except as it relates to Section 9799.15(g).

SORNA also imposes notification requirements upon sex offenders. *See* 42 Pa. C.S. §9799.28.[4] In *Taylor,* we held that "the internet notification

---

**(continued . . . )**

> (9) An addition, change in or termination of information related to occupational and professional licensing, including type of license held and license number.

42 Pa. C.S. §9799.15(g).

[4] It states, in relevant part:

> (a)  Information to be made available through Internet.--The Pennsylvania State Police shall, in the manner and form directed by the Governor:
>
>> (1)  Develop and maintain a system for making information about individuals convicted of a sexually violent offense, sexually violent predators and sexually violent delinquent children publicly available by electronic means via an Internet website. In order to fulfill its duties under this section, the Pennsylvania State Police shall ensure that the Internet website:
>>
>>> (i)  Contains a feature to permit a member of the public to obtain relevant information for an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child by a query of the Internet website based on search criteria including searches for any given zip code or geographic radius set by the user.
>>>
>>> (ii)  Contains a feature to allow a member of the public to receive electronic notification when an individual convicted of a sexually violent offense, sexually violent predator or sexually violent delinquent child provides information under section

**(Footnote continued on the next page . . . )**

5

**(continued . . . )**

9799.15(g)(2), (3) or (4) (relating to period of registration). This feature shall also allow a member of the public to receive electronic notification when the individual convicted of a sexually violent offense, sexually violent predator or sexually violent delinquent child moves into or out of a geographic area chosen by the user.

(iii)    Includes in its design all field search capabilities needed for full participation in the Dru Sjodin National Sex Offender Public Internet Website. The Pennsylvania State Police shall ensure that the website is able to participate in the Dru Sjodin National Sex Offender Public Internet Website as the United States Attorney General may direct.

(iv)    Is updated within three business days with the information required.

(2)    Include on the Internet website the following:

(i)    Instructions on how to seek correction of information that an individual contends is erroneous.

(ii)    A warning that the information on the Internet website should not be used to unlawfully injure, harass or commit a crime against an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child and that any such action could result in criminal or civil penalties.

* * *

(b) Required information.--Notwithstanding Chapter 63 (relating to juvenile matters) and 18 Pa.C.S. Ch. 91 (relating to criminal history record information), the Internet website shall contain the following information regarding an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child:

(1)    Name and aliases.

(2)    Year of birth.

(3)    Street address, municipality, county, State and zip code of residences and intended residences. In the case of an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child who fails to establish a residence and is therefore a transient, the Internet website shall contain information about the transient's temporary habitat or other temporary place of abode or dwelling, including, but not limited to, a homeless shelter or park. In addition, the Internet website shall contain a list of places the transient eats, frequents and engages in leisure activities.

(4)    Street address, municipality, county, State and zip code of any location at which an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child is enrolled as a student.

**(Footnote continued on the next page . . . )**

6

provision of SORNA does not constitute an ex post facto law under the United States Constitution" as applied to the defendant. *Taylor*, 132 A.3d at 602. We further observed that "case law provides no clear answers" on whether the internet notification provisions are punitive. *Id.* at 604. We could not say with certainty that the *ex post facto* clause in Pennsylvania's Constitution does not provide more

---

**(continued . . . )**

(5)     Street address, municipality, county, State and zip code of a fixed location where an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child is employed. If an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child is not employed at a fixed address, the information shall include general areas of work.

(6)     Current facial photograph of an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child. This paragraph requires, if available, the last eight facial photographs taken of the individual and the date each photograph was entered into the registry.

(7)     Physical description of an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child.

(8)     License plate number and a description of a vehicle owned or operated by an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child.

(9)     Offense for which an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child is registered under this subchapter and other sexually violent offenses for which the individual was convicted.

(10)     A statement whether an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child is in compliance with registration.

(11)     A statement whether the victim is a minor.

(12)     Date on which the individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child is made active within the registry and date when the individual most recently updated registration information.

(13)     Indication as to whether the individual is a sexually violent predator, sexually violent delinquent child or convicted of a Tier I, Tier II or Tier III sexual offense.

(14)     If applicable, indication that an individual convicted of a sexually violent offense, a sexually violent predator or a sexually violent delinquent child is incarcerated or committed or is a transient.

42 Pa. C.S. §9799.28(a), (b).

protection than the *ex post facto* clause in the United States Constitution with regard to the internet notification provision of SORNA. *Id.* Therefore, we overruled the State Police's preliminary objections to the *ex post facto* claim under the Pennsylvania Constitution. *Id.*

Malone contends that SORNA's internet notification provision violates the *ex post facto* clause of the Pennsylvania Constitution and, thus, we must overrule the State Police demurrer. However, the State Police did not file a demurrer to Malone's *ex post facto* challenge to SORNA's internet notification provision under the Pennsylvania Constitution. It has confirmed this point in its brief. State Police Reply Brief at 13.

The State Police demur solely to Malone's claim that the retroactive application of the internet notification provision of SORNA violates the *ex post facto* clause of the United States Constitution. In accordance with our decision in *Taylor*, we sustain this preliminary objection.

## Procedural Due Process Under 14th Amendment

The petition asserts that the retroactive effect of SORNA has violated Malone's rights under the 14th Amendment of the United States Constitution. U.S. CONST. amend. XIV, §1.[5] The new registration requirements violated Malone's procedural due process rights because he was not given an opportunity to challenge the registration requirements. SORNA presumes that all sex offenders pose a high risk, and this damages Malone's reputation, which is protected by the due process

---

[5] Section 1 of the 14th Amendment states, in relevant part:
> [N]or shall any state deprive any person of life, liberty, or property, without due process of law….
U.S. CONST. amend. XIV, §1.

8

clause.[6]   The State Police argue that the petition does not state a claim under the 14th Amendment because it does not assert that SORNA has deprived Malone of life, liberty or property.  Notably, the State Police has not demurred to Malone's substantive due process claims under the United States and Pennsylvania Constitutions nor has it demurred to Malone's procedural due process claim under the Pennsylvania Constitution.

Due process is required under the 14th Amendment where the state seeks to deprive a person of a life, liberty or property interest.  *Pennsylvania Game Commission v. Marich*, 666 A.2d 253, 255 (Pa. 1995).  Reputational interests alone are insufficient to invoke federal due process guarantees.  *R. v. Department of Public Welfare*, 636 A.2d 142, 149 (Pa. 1994) (citing *Paul v. Davis*, 424 U.S. 693 (1976)) ("The United States Supreme Court has already held that reputation is not an interest which, standing alone, is sufficient to invoke the procedural protections of the Fourteenth Amendment's due process clause.").  A due process claim for deprivation of a liberty interest in reputation may be made by showing a reputational stigma *plus* deprivation of another protected right or interest.  *Person v. Pennsylvania State Police Megan's Law Section*, (Pa. Cmwlth., No. 222 M.D. 2013, filed November 3, 2015), Slip Op. at 11 (unreported) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (emphasis in original)).[7]  Under the "stigma-plus" test, a plaintiff must show "(1) some utterance of a

---

[6] "Unlike the Due Process Clause of the Fourteenth Amendment, our Supreme Court has acknowledged that reputation is protected under Article I, Section 1 of the Pennsylvania Constitution…. Accordingly, reputation is among the fundamental rights that cannot be abridged without compliance with state constitutional standards[.]" *Taylor*, 132 A.3d at 605.

[7] Pursuant to Commonwealth Court Internal Operating Procedures §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

9

statement that is sufficiently derogatory to injure his or her reputation, which is capable of being proved false, and (2) some material and state-imposed burden or alteration of his or her status or of a right." *D.C. v. School District of Philadelphia*, 879 A.2d 408, 416 (Pa. Cmwlth. 2005).

In *Person*, we considered whether the internet publication of a sex offender's name stated a claim under the due process clause of the 14th Amendment. The petitioner argued that the internet publication along with other provisions in SORNA met the stigma-plus test for a due process claim. This Court observed that the "federal circuit courts appear to be split on whether state Megan's Laws satisfy the "stigma-plus" test and the United States Supreme Court has yet to address this issue." *Person*, Slip Op. at 11-12. Despite this uncertainty, we determined that the petitioner did not meet the "stigma-plus" test because the statements posted on the internet to which he objected were true. The petitioner pled guilty to a sexually violent offense and is currently registered with the State Police. Accordingly, we held that the petitioner did not state a due process claim under the 14th Amendment to the United States Constitution and sustained the demurrer.

More recently, in *Dougherty v. Pennsylvania State Police*, 138 A.3d 152 (Pa. Cmwlth. 2016), we again addressed this issue. Again, we sustained the demurrer to the petitioner's due process claims under the 14th Amendment of the United States Constitution. *Dougherty*, 138 A.3d at 159.

Malone's petition asserts that he has a fundamental right to reputation, but he does not allege a deprivation of a life, liberty or property interest. In his brief, Malone simply asserts that all due process objections should be overruled and directs this Court to its decision in *Taylor*, 132 A.3d 590. Malone

10

misunderstands *Taylor*, where we addressed due process claims under the Pennsylvania Constitution, not under the 14th Amendment of the United States Constitution. Accordingly, we sustain the preliminary objection to this claim.

### Article I, Section 9 of Pennsylvania Constitution

The petition asserts that the retroactive application of SORNA violated Malone's rights under Article I, Section 9 of the Pennsylvania Constitution. PA. CONST. art. I, §9. The State Police asserts that this claim is legally insufficient because it does not involve a criminal prosecution.

> Article I, Section 9 of the Pennsylvania Constitution states as follows:
>
> In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.

PA. CONST. art. I, §9. Our Supreme Court has construed this provision to be the functional equivalent of the due process clause of the United States Constitution. *Commonwealth v. Kratsas*, 764 A.2d 20, 27 n.5 (Pa. 2001).

In *Dougherty*, 138 A.3d 152, the petitioner asserted that the increase in the number of years he was required to register as a sex offender violated his right to due process under Article I, Section 9 of the Pennsylvania Constitution. The petitioner's claims addressed the administrative action taken by the State

11

Police well after his conviction and sentencing. Because his claims did not implicate his criminal prosecution, we sustained the State Police's demurrer to this claim. *Dougherty*, 138 A.3d at 159.

As in *Dougherty*, Malone's claims do not implicate a criminal prosecution. Rather, they concern actions taken by the State Police nearly ten years after his conviction. *Person*, Slip Op. at 21 (sustaining demurrer because the petitioner's claim did not implicate a criminal prosecution). We are constrained to sustain the State Police's preliminary objection.

## Breach of Contract

Malone's petition asserts that the State Police's registration requirements violate his plea agreement, which provided for no more than a ten-year registration. Attached to Malone's petition is a certified copy of the judgment. It states that as a condition of sentence, Malone had to register under Megan's Law, next to which is a hand-written notation "10 yr." Petition for Review, Exhibit A. The State Police have demurred to Malone's breach of contract claim for the stated reasons that it was not a party to the contract and that the claim belongs in another forum.

Although plea agreements arise "in a criminal context," they are "analyzed under contract law standards." *Commonwealth v. Hainesworth*, 82 A.3d 444, 449 (Pa. Super. 2013) (*en banc*) (citations omitted). Once a plea agreement has been accepted by a trial court, the defendant is "entitled to the benefit of his bargain[.]" *Commonwealth v. Martinez*, 147 A.3d 517, 532-33 (Pa. 2016). The Commonwealth must "abide by the terms of the plea agreement." *Commonwealth v. Spence*, 627 A.2d 1176, 1184 (Pa. 1993) (citing *Santobello v. New York*, 404 U.S. 257 (1971)). Further, courts demand "strict compliance" with the terms of a

12

plea agreement "in order to avoid any possible perversion of the plea bargaining system[.]" *Martinez*, 147 A.3d at 532 (quoting *Commonwealth v. Zuber*, 353 A.2d 441, 444 (Pa. 1976)).

Where a dispute arises over any particular term of a plea agreement, courts will look to "what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Hainesworth*, 82 A.3d at 447 (quoting *Commonwealth v. Fruehan*, 557 A.2d 1093, 1095 (Pa. Super. 1989) (internal citations omitted)). A determination will be made "based on the totality of the surrounding circumstances," and "[a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]." *Id.* (quoting *Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa. Super. 1995) (internal citations omitted)).

In *Martinez*, our Supreme Court held that a defendant is entitled to specific performance of his plea agreement with regard to sexual offender registration requirements. Our Supreme Court explained that "the convicted criminal is entitled to the benefit of his bargain through specific performance of the terms of the plea agreement." *Martinez*, 147 A.3d at 533. Because the Commonwealth stipulated that the ten-year registration was part of the plea agreement, the defendant was "entitled to the benefit of that bargain." *Id.*

Similarly, in *Hainesworth*, the Pennsylvania Superior Court refused to give retroactive application to the SORNA registration requirements where it would breach the terms of a plea agreement. In that case, the defendant was not required to register under Megan's Law at the time he entered the plea agreement. Thereafter, SORNA established that one of the offenses to which he had pleaded guilty required registration. Concerned that he would have to register, the

13

defendant sought to terminate his probation supervision prior to the effective date of SORNA. The trial court denied this petition, but it entered an order declaring the defendant not subject to registration under SORNA. The Commonwealth appealed, and the Superior Court affirmed. It observed that terms of the defendant's plea were carefully laid out on the record[8] and that the prosecutor stated that the defendant's sentences were "not Megan's Law." *Hainesworth*, 82 A.3d at 447. Accordingly, the defendant was entitled to specific performance of the terms of the plea bargain.

Malone's petition alleges that he "was instructed and entered into a plea agreement … pursuant to an understanding and agreement that [he] was required to register as a sexual offender for only ten (10) years." Petition for Review, ¶4. Malone asserts that he is entitled to specific performance of his plea agreement as a matter of contract law. He contends that the State Police actions violate his plea agreement, in violation of the Contract Clauses of the United States[9] and Pennsylvania[10] Constitutions.

In *Dougherty*, 138 A.3d at 160, this Court addressed this issue. We explained that the State Police's role in the SORNA statutory scheme is ministerial. Accordingly, if the sentencing order includes a specific term of

---

[8] *See* Pennsylvania Rule of Criminal Procedure 590(B)(1), Pa. R. Crim. P. 590(B)(1), set forth *infra*.

[9] It states, in relevant part, as follows:

> No State shall … pass any … Law impairing the Obligation of Contracts ….

U.S. CONST. art I, §10, cl.1.

[10] It states as follows:

> No *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed.

PA. CONST. art. I, §17.

registration, the State Police "is bound to apply the registration term included in the sentence and nothing more." *Id.* (citing *McCray v. Pennsylvania Department of Corrections,* 872 A.2d 1127, 1133 (Pa. 2005)). If the sentencing order is unclear or ambiguous, the State Police may seek guidance from the sentencing court before applying the registration period upon a sexual offender. If the sentencing order is silent on the term of registration, the State Police must set the appropriate registration period in accordance with Section 9799.15 of SORNA, 42 Pa. C.S. §9799.15. However, the State Police does not have a duty, in any of these circumstances, to inquire into the content or intent of any underlying plea agreement. *Dougherty*, 138 A.3d at 160.

We further explained that the State Police is not a party to the plea agreement. Accordingly, when a dispute arises over an alleged breach of a plea agreement or its impact upon an offender's duty to register, the dispute must be resolved in a proceeding before the sentencing court. *Id.* We stated, "[s]uch disputes should name the Commonwealth as the defendant as it is the Commonwealth, acting through the appropriate prosecutor, not the [State Police], who is a party to the plea agreement." *Id.* Accordingly, we sustained the State Police's preliminary objection alleging that it cannot be liable for a breach of the petitioner's plea agreement to which it was not a party. Notably, the complaint in *Dougherty* did not contain any allegations about the sentencing order but only about the plea agreement.

Pointing to *Dougherty*, Malone argues that the sentencing order attached to his petition must be accepted as true and this Court has authority to enforce the order. Malone misunderstands the State Police's preliminary objection. It does not challenge the sufficiency of his claim related to enforcement

of the terms of the sentencing order. Rather, it challenges Malone's breach of contract claim, which is based upon the plea agreement.

As we explained in *Dougherty*, because the State Police was not a party to the plea agreement, a breach of contract action against the State Police is inappropriate. We sustain the State Police's preliminary objection to this claim, which belongs in the appropriate court of common pleas. Although Malone attached the sentencing order to his petition, it is not the plea agreement. *See* Pa. R. Crim. P. 590(B).[11] The State Police is not a party to the plea agreement.

## Conclusion

For the above-stated reasons, we hold as follows. We sustain the demurrer that the petition does not state a claim under the *ex post facto* clause of the United States and Pennsylvania Constitutions, save for Section 9799.15(g) of SORNA. We sustain the demurrer that the petition does not state a claim under the *ex post facto* clause of the United States Constitution with respect to SORNA's notification provision. We sustain the demurrer that the petition does not state a

---

[11] Rule 590(B) of the Rules of Criminal Procedure states:

    (B)    Plea Agreements

        (1)    When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record *in camera* and the record sealed.

        (2)    The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

Pa. R. Crim. P. 590(B).

procedural due process claim under the 14th Amendment of the United States Constitution.  We sustain the demurrer that the petition does not state a due process claim under Article I, Section 9 of the Pennsylvania Constitution.  We sustain the demurrer to the petition's breach of contract claim.

_____
MARY HANNAH LEAVITT, President Judge

17

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew F. Malone,  :
        Petitioner  :
  :
     v.  :  No. 577 M.D. 2015
  :
The Pennsylvania State Police of the  :
Commonwealth of Pennsylvania,  :
        Respondent  :

# **O R D E R**

AND NOW, this 28th day of April, 2017, the preliminary objections of the Pennsylvania State Police to the petition for review filed by Andrew F. Malone in the above-captioned matter are sustained with the exception of the petition's challenge to Section 9799.15(g) of SORNA. The Pennsylvania State Police must answer all remaining allegations including those to which preliminary objections have not been filed within 30 days of this Order.

_____
MARY HANNAH LEAVITT, President Judge