J-S69004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HOWARD FREEMAN, JR. A/K/A HOWARD FREEMAN | |
| Appellant | No. 1509 WDA 2016 |

Appeal from the Order of September 6, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0002297-2009
CP-02-CR-0004927-2011
CP-02-CR-0008542-2010
CP-02-CR-0012006-2010
CP-02-CR-0013403-2008

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HOWARD FREEMAN, JR. A/K/A HOWARD FREEMAN | |
| Appellant | No. 1583 WDA 2016 |

Appeal from the Order of August 14, 2012
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0002297-2009
CP-02-CR-0004927-2011
CP-02-CR-0008542-2010
CP-02-CR-0012006-2010
CP-02-CR-0013403-2008

BEFORE:  BOWES, RANSOM, JJ. and STEVENS,P.J.E.*

MEMORANDUM BY BOWES, J.:        FILED: February 15, 2018

Howard Freeman appeals from two orders declining to award him additional time credit towards his sentence of incarceration.  Appellant agrees that he is not lawfully entitled to that time credit.  His theory of relief is premised upon an allegation that the Commonwealth agreed to that time credit as a component of his plea.  We quash the appeal at 1583 WDA 2016, as the notice of appeal was filed over four years after Appellant received notice of the order at issue, and therefore represents an attempt to manufacture jurisdiction.  We affirm the order at 1509 WDA 2016.

This appeal concerns a negotiated guilty plea to five cases.  Briefly stated, three of these cases involved charges of possession of marijuana. The remaining two cases involved firearms.  At criminal case 2008-13403, Appellant was charged with two counts of unlawfully possessing a firearm due to his possession of two separate firearms.  At the other case, docketed at 2010-8542, Appellant possessed marijuana and a firearm.

Due to the foregoing incidents, Appellant was charged with approximately two dozen crimes spanning the five dockets.  Ultimately, the parties reached a plea agreement, executed on November 17, 2011. The Commonwealth agreed to an aggregate sentence of two and one-half years

* Former Justice specially assigned to the Superior Court.

to five years incarceration, with a period of probation to be set by the trial court.

The trial court accepted the plea, and sentenced Appellant that same day to three concurrent terms of two and one-half to five years incarceration at the three firearm charges. At three of the five counts of possession of marijuana, Appellant received a sentence of three years probation, each concurrent to each other, but consecutive to incarceration. No further penalty was imposed at all remaining charges.

Finally, the trial court awarded Appellant pre-trial time credit in the amount of 323 days at 2010-8542, which involved one firearms charge; this time credit was not applied towards the sentences of incarceration imposed at 2008-13403 for the remaining two firearms charges. Thus, as a result, the application of time credit did not decrease the actual amount of time Appellant would serve as a result of his plea, since all three sentences of incarceration were concurrent to each other. That fact forms the basis for the current appeal, as Appellant claims that he will serve 323 days in excess of the agreed-upon sentence.

Appellant did not file post-sentence motions, a direct appeal, or a petition for collateral relief. Instead, on August 7, 2012, Appellant, through plea counsel, filed a document styled as a Motion for Time Credit, in which Appellant represented that his records "are reflecting no credit for time

* Former Justice specially assigned to the Superior Court.

served on [2008-13403], which does not reflect the plea agreement." Motion for Time Credit, 8/7/12, at 1. On August 14, 2012, the trial court denied the motion. Appellant did not timely appeal this order.

In fact, Appellant did not take any further action at these cases until August 11, 2016, when he filed a new motion, again through plea counsel. As with the 2012 request for relief, Appellant alleged that he was entitled to the application of time credit towards all periods of incarceration. "Defendant is due credit for this period of time at the combined case numbers. . . . [t]he errors must be corrected in the interests of justice so that the Defendant's sentence [is] constitutionally valid and accurate." Motion to Correct Sentence, 8/11/16, at 2. The motion stated that the asserted mistakes must "be corrected to reflect the agreement of cou[n]sel, the Commonwealth, this Court, and the Co-Defendant's counsel." *Id*. The trial court denied that motion on September 6, 2016.

Appellant responded by filing a motion requesting reconsideration and appointment of new counsel for purposes of appeal, docketed October 3, 2016. The next day, the trial court appointed current counsel. Appellant, through new counsel, filed on October 6, 2016, a timely notice of appeal citing the September 6, 2016 order. Appellant timely complied with the order to file a Pa.R.A.P. 1925(b) concise statement, but his concise statement separately included the following heading:

* Former Justice specially assigned to the Superior Court.

NOTICE OF APPEAL

NOTICE is hereby given that HOWARD FREEMAN, JR. a/k/a HOWARD FREEMAN, Defendant above named, hereby appeals to the Superior Court of Pennsylvania from the Order dated August 13 (filed August 14), 2012[.]

Concise Statement/Notice of Appeal, 10/17/16, at 1. Thus, this one document simultaneously set forth his issues complained of on appeal concerning the September 6, 2016 order, in addition to purporting to appeal from the 2012 order. Appellant moved for consolidation of the two appeals, which we granted. Appellant presents the following issues for our review.

1. Whether the appeal . . . of the August 13/14, 2012 Order is timely due to failure of the Allegheny County Department of Court Records (Criminal Division) to comply with Pa.R.Cr.P. 114?

2. Whether the appeal . . . of the August 13/14, 2012 Order is timely due to failure of the Court of Common Pleas to comply with Pa.R.Cr.P. 907(4)'s requirement to notify Defendant of his right to appeal and/or the time period within which to file an appeal?

3. Whether the Court of Common Pleas erred and/or abused its discretion in denying Defendant's August 7, 2012 Motion for Time Credit and August 11, 2016 Motion for Credit for Time Served which sought enforcement of the plea agreement which provided for application of credit for time served toward all sentences of incarceration such that Defendant's aggregate/ composite sentence of incarceration would be no greater than 2.5 year to 5 years?

Appellant's brief at 4.

This statement of questions is confusing in that Appellant simultaneously maintains that he is entitled to relief as a matter of

_____

* Former Justice specially assigned to the Superior Court.

contractual law regarding his plea bargain, while also suggesting that the motions could have been treated as requests for relief under the PCRA.[1] We first address the proper characterization of both motions since they contained virtually identical requests for relief.

Preliminarily, we note that Appellant concedes that the trial court did not err as a matter of statutory law in refusing to apply the time credit at all three sentences of incarceration. "[Appellant] is not claiming he is entitled to credit at [2008-13403] under [the governing statute]. Indeed, he is not entitled to credit under that statute as he was not detained prior to sentencing on that case." Appellant's brief at 17, n.5. Instead, the theory of relief for both orders is framed as enforcing a plea bargain. Appellant's brief at 19 (describing the instant sentence as "not in accordance with the terms of the plea agreement").

Hence, the remaining question is whether his requests for relief fell under the PCRA and are therefore subject to its statutory provisions. In **Commonwealth v. Partee**, 86 A.3d 245 (Pa.Super. 2014), we reviewed an order denying a petition seeking enforcement of a particular term-of-years

---

[1] Pennsylvania Rule of Criminal Procedure 907(4), cited by Appellant in his second issue, applies to PCRA petitions and mandates that an order dismissing a PCRA petition without a hearing inform the litigant of his right to appeal. The orders denying the two motions at issue herein did not inform Appellant of any appellate rights.

\* Former Justice specially assigned to the Superior Court.

regarding sexual registration obligations. If treated as a PCRA petition, the motion was untimely, as it was filed more than one year after judgment of sentence became final. We held that the motion fell outside of the PCRA.

> We note that the within petition is not an attack on Appellant's sentence, nor is he alleging that he is innocent of the offenses of which he was convicted. Appellant is not asserting that his conviction or sentence resulted from a violation of the Constitution, ineffective assistance of counsel, an unlawfully-induced plea, obstruction by government officials of his right to appeal, newly-discovered evidence, an illegal sentence, or a lack of jurisdiction. In short, we agree with Appellant that his claim does not fall within the scope of the PCRA and should not be reviewed under the standard applicable to the dismissal of PCRA petitions. Furthermore, it is not subject to the PCRA's time constraints, and hence, we have jurisdiction to entertain it.

*Id*. at 247 (citations omitted).

Similarly, both motions at issue herein represented that Appellant bargained for a particular sentence.[2] Accordingly, we find that both motions are not subject to the PCRA.

We now address the timeliness of these appeals. As we explained in

***Commonwealth v. Gaines***, 127 A.3d 15 (Pa.Super. 2015) (*en banc*):

> In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal ... shall be filed within 30 days after the entry of the order from

---

[2] We agree with the Commonwealth that the motions were woefully pled, in that the stray references to making Appellant's sentence "constitutionally valid and accurate" hardly served to alert the trial court to the nature of his claim.

\* Former Justice specially assigned to the Superior Court.

> which the appeal is taken." Pa.R.A.P. 903(a). Because this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace." **Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa.Super.2011) (citation omitted).

*Id*. at 17. For the following reasons, we conclude that the appeal at 1583 WDA 2016 must be quashed, while the appeal at 1509 WDA 2016 is timely.

Since both appeals request relief under the exact same theory and would involve the exact same analysis, we shall not belabor our analysis of the quashed appeal. Simply stated, Appellant attempted to appeal an order over four years after its entry upon the docket. He concedes that the notice of appeal was not filed within thirty days of the order being docketed, but he nevertheless maintains that for purposes of Pa.R.A.P. 903 and its language "entry of the order from which the appeal is taken," his appeal was timely under these facts. Appellant directs our attention to Pa.R.A.P. 108(a)(1), which states, in relevant part, that "the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties[.]" **See** Pa.R.A.P. 108(d)(1) ("In determining the date of entry of criminal orders, subdivision (a)(1) shall apply[.]"). Pivoting to the Rules of Criminal Procedure, Appellant notes that Rule 114 provides as follows:

> Rule 114. Orders and Court Notices: Filing; Service; and Docket Entries
>
> . . . .

* Former Justice specially assigned to the Superior Court.

- 8 -

**(C) Docket Entries**

(1) Docket entries promptly shall be made.

(2) The docket entries shall contain:

> (a) the date of receipt in the clerk's office of the order or court notice;
>
> (b) the date appearing on the order or court notice; and
>
> (c) the date of service of the order or court notice.

Pa.R.Crim.P. 114. The docket reflects that Rule 114(C)(2) was not followed, as it fails to indicate the dates as required. As a consequence of these administrative failures, Appellant avers that the order was never entered for purposes of Pa.R.A.P. 108, and, in turn, the thirty-day time limit contained within Pa.R.A.P. 903 is inapplicable.

We do not agree that the docketing failure requires a finding that the order was not entered for purposes of triggering the requirement that an appeal must be filed within thirty days. Significantly, the trial court opinion states that the orders were served on counsel, a point Appellant does not dispute.[3] Appellant nevertheless avers that "this does not cure the clerk's

---

[3] We note that the clerk of courts' failure to indicate the date of service to counsel does not, of course, mean that service was not actually made by that office. The absence of evidence is not evidence of absence.

\* Former Justice specially assigned to the Superior Court.

inaction and violation." Appellant's brief at 14. For the following reasons, we disagree.

It is true that docketing failures can excuse an untimely appeal, often due to a breakdown in the administrative process. For example, in **Commonwealth v. Jerman**, 762 A.2d 366 (Pa.Super. 2000), we rejected the Commonwealth's motion to quash an appeal as untimely. There, Jerman's PCRA petition was denied by order dated April 15, 1999. Jerman appealed by notice of appeal docketed June 16, 1999. **Id**. at 367. We deemed the appeal timely, because "[o]ur review of the docket entries discloses no indication that the clerk furnished a copy of the order to [Jerman]." **Id**. at 368. In contrast, Appellant herein had actual notice of the order despite the procedural irregularities in formally entering the order on the docket. Thus, Appellant knew that an order denying his request for relief was issued, despite the clerk's failure to comply with Pa.R.Crim.P. 114. We do not countenance the theory that a party having actual notice of an order can refuse to perfect an appeal, then later manufacture jurisdiction by raising a procedural flaw regarding the manner in which a docket entry was annotated.[4] We therefore quash the appeal at 1583 WDA 2016.

--------

[4] In the related context of motions seeking reinstatement of appellate rights *nunc pro tunc* due to attorney abandonment, as filed through an untimely PCRA, we have required that the petitioner demonstrate due diligence, *i.e.*,
*(Footnote Continued Next Page)*

\* Former Justice specially assigned to the Superior Court.

- 10 -

We now address the appeal docketed at 1509 WDA 2016. The trial court determined that relief was not warranted for these reasons:

> As set forth above, the sentencing orders in the five cases are clearly correct in that they impose concurrent sentences of 2 ½ to 5 years and concurrent periods of 3 years probation. If Defendant alleges there was some later erroneous computation of his sentence by the Bureau of Corrections related to his time served, then the appropriate procedure would be an original action in the Commonwealth Court[.]

Trial Court Opinion, 7/19/17, at 4-5.

The Commonwealth also adopts this position, stating that the proper venue was Commonwealth Court. We disagree, as the trial court and the Commonwealth misconstrued Appellant's claim. He is not seeking a particular computation of his time credit as previously awarded by the trial court; instead, he is claiming that the Commonwealth's plea offer of two and one-half to five years incarceration meant that Appellant would spend no more than five years in prison **including** his pre-trial confinement time.[5] To achieve this result, he requested that the trial court enter an order granting

_(Footnote Continued)_ ————————

the petitioner took steps to protect his own interests. **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007). Following this logic, it would be incongruous to hold that Appellant was not required to protect his appellate rights by appealing from an order known to him.

[5] In effect, Appellant's claim is that his "true" sentence was 224 days at the minimum (two and one-half years minus the 323 days he was incarcerated while awaiting trial). Obviously, if that was the actual intent of the parties, the agreement to sentence could have been structured in this manner.

\* Former Justice specially assigned to the Superior Court.

- 11 -

him time credit on the plea bargain theory discussed *supra*. Thus, we examine the merits of his claim, to which we apply the following standard of review:

> "In determining whether a particular plea agreement has been breached, we look to 'what the parties to this plea agreement reasonably understood to be the terms of the agreement.'" ***Commonwealth v. Fruehan***, 384 Pa.Super. 156, 557 A.2d 1093, 1095 (1989) (internal citations omitted). Such a determination is made "based on the totality of the surrounding circumstances," and "[a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]." ***Commonwealth v. Kroh***, 440 Pa.Super. 1, 654 A.2d 1168, 1172 (1995) (internal citations omitted).

***Commonwealth v. Hainesworth***, 82 A.3d 444, 447 (Pa.Super. 2013) (*en banc*). In conducting this analysis, our starting point is the terms as set forth on the record. ***Id***. ("The terms of [the] plea were carefully laid out on the record[.]").

While there was no evidentiary hearing in this case due to the misapprehension of Appellant's claim, we find that a remand is unnecessary as the record settles the matter. The prosecutor stated the plea agreement as follows: "The offer is a sentence of two-and-a-half-to-five years to resolve cases for this Court, 3403, 229 and 8542, as well as his two cases in front of Judge Lazzara, case ending in 200 and 4927." N.T. Plea, 11/17/11, at 8.

Appellant argues that "[the] contemplated global disposition clearly represents an understanding between the parties that the 2.5 to 5 years was a composite sentence to resolve all cases." Appellant's brief at 16-17. We

˄ Former Justice specially assigned to the Superior Court.

- 12 -

fully agree with that recitation of the terms, and Appellant received exactly that: a sentence of two and one-half to five years incarceration. Nowhere did the prosecutor make an agreement as to time credit, and the application of time credit is specifically controlled by statute.[6] To the extent that Appellant mistakenly believed that he would receive time credit at all three sentences of incarceration, that particular claim must be brought under the PCRA as it would concern plea counsel's advice to Appellant. ***See Commonwealth v. Hickman***, 799 A.2d 136 (Pa.Super. 2002) (plea was involuntary due to counsel's misadvice regarding sentencing, where counsel informed defendant that he was eligible for boot camp program when, in fact, defendant was statutorily ineligible).

The current claim is limited to an assertion that the Commonwealth's plea bargain included a promise to impose an illegal sentence, an assertion that is contradicted by the record. We therefore affirm.

Appeal at 1583 WDA 2016 quashed. Order affirmed at 1509 WDA 2016.

_____

[6] As we have previously noted, Appellant concedes that he was not lawfully entitled to receive the credit at all three periods of incarceration. Thus, implicit in Appellant's argument is that the Commonwealth agreed to impose an illegal sentence, and that the trial court could be required to impose an illegal sentence. We express no opinion regarding whether the plea bargain enforcement theory can require a trial court to impose an illegal sentence.

\* Former Justice specially assigned to the Superior Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/15/2018

* Former Justice specially assigned to the Superior Court.