J-S69005-19
J-S69006-19
J-S69007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS PHYFAR | : | |
| | : | |
| Appellant | : | No. 3200 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011428-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS  PHYFAR | : | |
| | : | |
| Appellant | : | No. 3201 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011436-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS  PHYFAR | : | |
| | : | |
| Appellant | : | No. 3203 EDA 2018 |

J-S69005-19
J-S69006-19
J-S69007-19


Appeal from the Judgment of Sentence Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011439-2016


BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 11, 2020**

Appellant, Douglas Phyfar, appeals from the judgments of sentence entered following his convictions of various crimes related to multiple robberies committed over an approximate two-month period in 2016. Appellate counsel has filed petitions seeking to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petitions to withdraw and affirm.

The trial court set forth the procedural history of this case as follows:

> Between May 16 and July 23, 2016, [A]ppellant was involved in a string of robberies and thefts in South Philadelphia.

> On June 19, 2018, [A]ppellant pled guilty to three counts of robbery [and] three counts of possession of an instrument of crime (PIC).[1, 2]  The court deferred [A]ppellant's sentencing and ordered a pre-sentence investigation.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701 and 907, respectively.

[2] We note that Appellant also pled guilty to various crimes at two additional Philadelphia County Court of Common Plea docket numbers, *i.e.*, CR-11437-2016 and CR-11438-2016, which are not the subject of the within appeals.

- 2 -

On September 27, 2018, this court sentenced [A]ppellant to five (5) to twelve (12) years in prison for robbery followed by three years' probation, and a concurrent prison term of two-and-a-half (2 ½) to five (5) years on the PIC bill (case booked at CR-11439-2016). The court also imposed concurrent sentences of two-and-a-half (2 ½) to five (5) years in prison followed by three (3) years of probation for the other robbery bills (cases docketed at CR 114[2]8 and 11436). The court also ordered [A]ppellant to pay restitution to his victims. No further penalty was imposed on the remaining bills.

Appellant thereafter filed a Motion for Reconsideration of Sentence, which this court denied on October 9, 2018.

On October 19, 2018, [A]ppellant filed … timely Notice[s] of Appeal in Superior Court. This court subsequently granted trial counsel's Motion to Withdraw and appointed appellate counsel. On December 6, 2018, the court ordered [A]ppellant to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). … On April 3, 2019, appellate counsel timely filed a Statement of Matters Complained of on Appeal in which he stated his intent to file an **Anders/McClendon** brief in Superior Court.

Trial Court Opinion, 4/26/19, at 1-2.

As noted, counsel has filed petitions to withdraw from representation. Before we address any questions raised on appeal, we must resolve appellate counsel's requests to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he

or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, those directives have been satisfied. Within the petitions to withdraw, counsel averred that he conducted an extensive review of the record and pertinent legal research. Following that review, counsel concluded that the present appeals are wholly frivolous. Counsel sent Appellant a copy of the *Anders* brief and petitions to withdraw, as well as a letter, a copy of which is attached to the petitions to withdraw. In the letter, counsel advised Appellant that he could either represent himself or retain private counsel. Appellant has not filed any additional documents with this Court.

We now examine whether the *Anders* brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

Counsel's brief is compliant with *Santiago*. The brief sets forth the procedural history of this case, outlines pertinent case authority, and

discusses counsel's conclusion that the appeal is frivolous. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel has identified the following issues that Appellant believes entitle him to relief:

> 1. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF SENTENCE BECAUSE THE AGGREGATE SENTENCE IMPOSED ON APPELLANT WAS CONTRARY TO DISCUSSIONS WHICH THE PARTIES HAD ABOUT THE SENTENCES IMPOSED HEREIN RUNNING CONCURRENTLY WITH A FEDERAL SENTENCE APPELLANT WAS SERVING.
>
> 2. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF SENTENCE BECAUSE BY ORDERING THAT THE SENTENCE IMPOSED BY THE COURT BE SERVED CONSECUTIVELY TO A FEDERAL SENTENCE APPELLANT WAS SERVING, THE COURT ESSENTIALLY CAUSED APPELLANT TO SERVE A SENTENCE GREATER THAN THE ONE RECOMMENDED BY THE COMMONWEALTH.
>
> 3. THE ENTRY OF APPELLANT'S GUILTY PLEAS WAS UNKNOWONG UNINTELLIGENT, AND INVOLUNTARY BECAUSE APPELLANT ENTERED THEM BELIEVING THAT THE SENTENCE ULTIMATELY IMPOSED UPON HIM WAS GOING TO BE ORDERED TO BE SERVED CONCURENTLY WITH A FEDERAL SENTENCE APPELLANT WAS SERVING.

*Anders* Brief at 8, 11, and 14 (verbatim).

Appellant first argues that the sentencing court abused its discretion in denying his motion for reconsideration of sentence. *Anders* Brief at 8-11. Specifically, Appellant contends that "the parties discussed running the sentence … concurrently with [a] federal sentence during plea negotiations and thus, because the sentence ultimately imposed did not conform to those

- 5 -

discussions[,] it violated the plea agreement and should have been vacated."

*Id*. at 8-9.

When evaluating the terms of a negotiated plea agreement, we are guided by the following long-standing principles:

> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.
>
> Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity.

*Commonwealth v. Kroh*, 654 A.2d 1168, 1172 (Pa. Super. 1995) (internal citations omitted).

"Plea bargains which are entered knowingly and voluntarily are viewed with favor in this Commonwealth. If a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney." *Commonwealth v. Hainesworth*, 82 A.3d 444, 449 (Pa. Super. 2013) (quoting *Commonwealth v. Fruehan*, 557 A.2d 1093, 1094 (Pa. Super. 1989)). "Specific enforcement of valid plea bargains is a matter of fundamental fairness." *Hainesworth*, 82 A.3d at 449. "In determining whether a particular plea agreement has been breached, we look to 'what the

parties to this plea agreement reasonably understood to be the terms of the agreement.'" *Id*. at 447 (quoting *Fruehan*, 557 A.2d at 1095).

Instantly, our review of the certified record reflects that the guilty plea agreement did not contain a negotiated term that Appellant's sentence would run concurrently with a federal sentence. The record reveals that, at the time of his guilty plea, Appellant understood that he was entering an open guilty plea. N.T., 6/19/18, at 9. The trial court specifically stated, "This is an open guilty plea, that means the DA will recommend whatever sentence he thinks is appropriate." *Id*. The record also indicates that the trial court stated it would not impose a sentence that was more than the Commonwealth's recommendation. *Id*. Hence, the record is devoid of any indication that Appellant received a promise that, in exchange for a guilty plea, his sentence would be ordered to run concurrently with a federal sentence he had received. Accordingly, Appellant's claim that the trial court failed to honor a sentencing provision of a negotiated plea agreement is unsupported by the certified record. Therefore, Appellant's first issue lacks merit.

In his second issue, Appellant again argues that the sentencing court abused its discretion in denying his motion for reconsideration of sentence. *Anders* Brief at 11-14. Specifically, Appellant alleges the following:

> [B]y ordering that the [instant] sentence … be served consecutively to his federal sentence, the trial court committed an abuse of discretion by not reconsidering and reducing the length of the sentence … because[,] when the term of [A]ppellant's federal sentence … is added to the sentence imposed herein, the

> combined sentence exceeded the Commonwealth's recommended sentence in violation of the plea agreement.

*Id*. at 11-12.  Again, our review of the certified record belies Appellant's claim.

The record reflects the following transpired at Appellant's guilty plea hearing:

> THE COURT:  All right.  This is an open guilty plea, that means the DA will recommend whatever sentence he thinks is appropriate. You've already discussed with your lawyer what you understand the recommendation is going to be, correct?
>
> [APPELLANT]:  Yes.
>
> THE COURT:  Now, I'm not bound by that recommendation.  I want you to understand that.  Theoretically, I could sentence you up to the maximum, but as I told you …, although I don't know right now exactly what sentence I'm going to impose, **it will not be more than the Commonwealth's recommendation. That's the ceiling.  It could go lower.  It wouldn't go higher. Do you understand that?**
>
> [APPELLANT]:  Yes.

N.T., 6/19/18, at 9 (emphasis added).  The trial court subsequently confirmed the sentencing agreement as follows:

> THE COURT:  Has anyone tried to persuade you by promises other than what I've already discussed with you?  **There is a sentencing promise I've made to you**, but except for that promise, has anybody made any other promises to you or has anybody tried to threaten you or force you to give up your right to a trial in these cases?
>
> [APPELLANT]:  No.

*Id*. at 12 (emphasis added).

- 8 -

The record also shows that the Commonwealth made the following sentencing recommendation at Appellant's sentencing hearing:

[ASSISTANT DISTRICT ATTORNEY]: So, you know, the guidelines are the guidelines. And I understand that [Appellant] has been sentenced federally and that that is going to be a consecutive sentence. I do think that aggravation in this case would be appropriate

I'm not going to ask for an aggravated sentence, but I think it would be appropriate given the fact that [Appellant] was preying on hard-working women who came to the United States trying to earn a living.

* * *

Your Honor, he has a very serious history. He's had -- I think I saw 26 arrests and 22 convictions. He's been committed 18 times, or something like that, based on the PSI. And that's why I do believe that the sentence I'm requesting is appropriate.

I am asking Your Honor – I'm actually asking you to go into the below mitigated range. **I'm asking you to deviate from the guidelines and sentence him on the lead charge, the F1 robbery for which he was caught running from the store, to a sentence of 6 to 12 years. That is six months below mitigated.**

And the reason why I'm doing that is because I think that's an appropriate sentence in this case. Six to 12 years is still a long time. It is a long time. We don't know, you know, if he's going to be paroled at his minimum. **But that takes into account the 15 months that he's going to receive in the federal system. And I think that that total sentence, which is approximately going to be seven years and three months, is an appropriate sentence for what he did here.**

I'd ask you to sentence him on the F2 robberies to concurrent sentences of two and a half to five. Again, that is also below mitigated. But there is no weapon used in those cases. He never even touched the complainant except for maybe brushing up against her at one point.

> I think that it would be appropriate to do no further penalty on the other two charges, being the theft, the M3 theft and the M2 theft in that case.

N.T., 9/27/18, at 9-12 (emphases added).

The trial court sentenced Appellant to a term of incarceration that was below the Commonwealth's recommendation of six to twelve years. Specifically, the trial court sentenced Appellant to serve an aggregate prison term of five to twelve years. N.T., 9/27/18, at 33. The trial court offered the following reasoning for its downward departure from the Commonwealth's recommendation:

> I want to say, first, that [the Assistant District Attorney's] sentencing recommendation, which is a downward departure, is an extremely reasonable one. And the only reason that I'm reducing the minimum still a little bit further from his recommendation is because when we first discussed the guilty plea, the possibility of a guilty plea, and I started to think way back then about what an appropriate sentence might be in this case, for whatever reason, I kind of had it in my mind that the sentence that I imposed and the sentence that you got in your then open federal matter would likely run at the same time, would be concurrent.
>
> And after hearing what [the federal court judge] did and what he said and why he did it, as I just indicated to your Counsel, I'm not going to run them concurrent. So I'm going to, in effect, give you that time back by reducing the minimum here a little bit from [the Assistant District Attorney's], as I said, very reasonable suggestion.

*Id*. at 27-28.

The record establishes that, in presenting the recommended sentence, the Commonwealth indicated that it considered the fact that Appellant had

been sentenced in federal court to a term of fifteen months and, therefore, deviated downward form the mitigated range of the Sentencing Guidelines. As the Assistant District Attorney stated, the "total sentence, which is approximately going to be seven years and three months, is an appropriate sentence for what he did here." N.T., 9/27/18, at 11. Subsequently, the trial court reduced the minimum period of incarceration by an additional twelve months in order to make an additional accommodation for the fact that the sentence will be served consecutively to the fifteen-month federal sentence. As such, the trial court imposed a sentence below the Commonwealth's already reduced recommended sentence. Accordingly, the record belies Appellant's claim that the trial court exceeded the sentence recommended by the Commonwealth.

Appellant last argues that his guilty plea was unknowingly, unintelligently, and involuntarily entered. *Anders* Brief at 14-16. Appellant asserts that "he entered [the guilty plea] believing that the plea agreement prohibited the trial court from ordering that the sentence it imposed be served consecutively to the federal sentence [A]ppellant was then serving." *Id*. at 14.

With respect to challenges to the validity of a guilty plea on direct appeal, this Court has stated the following:

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct

appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea.

> Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him. Furthermore, a defendant is permitted to waive fundamental constitutional protections in situations involving far less protection of the defendant than that presented herein.

A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. **Commonwealth v. Roberts**, 237 Pa. Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

> Likewise:

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required

> to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

> Further, a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

*Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013) (some citations and quotation marks omitted).

Our review of the certified record reflects that Appellant did not preserve his challenge to the voluntariness of his guilty plea by either objecting during the plea colloquy or filing a timely post-sentence motion seeking to withdraw the guilty plea.[3] Pa.R.Crim.P. 720(B)(1)(a)(i). Accordingly, Appellant waived any challenge to his guilty plea on direct appeal. *Lincoln*, 72 A.3d at 609-610.

---

[3] We note that, although Appellant filed a post-sentence motion, his claims therein were limited to requests for reconsideration of his sentence. Post-Sentence Motion, 10/1/18, at 1-2. Appellant did not seek permission to withdraw his guilty plea.

Finally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1198-1199 (Pa. Super. 2018) (*en banc*). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgments of sentence.

Petitions to withdraw as counsel filed at docket numbers 3200 EDA 2018, 3201 EDA 2018, and 3203 EDA 2018 granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/20